**E-FILED**
Friday, 14 March, 2008  02:29:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DANIELLE N. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 08- |
| | ) | |
| DAVID LEWIS, DALE GIBALDY, | ) | |
| and THE VILLAGE OF BELGIUM, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Danielle N. Perry by her attorneys, Joseph Phebus and

Elizabeth Holder of Phebus & Koester and James Spiros and Karen Wall of Spiros &

Wall, and complaining of Defendants David Lewis ("Lewis"), Dale Gibaldy ("Gibaldy")

and The Village of Belgium ("Village of Belgium"), and avers:

## JURISDICTION

1.      This court has jurisdiction as to the claim against Lewis pursuant to 28

U.S. Code, Sections 1331 and 1343(a), in that Plaintiff's claims against Lewis are

brought under 28 U.S. Code, Section 1983.

2.      This court has jurisdiction as to Gibaldy and Belgium and the other claims

asserted against Lewis pursuant to 28 U.S. Code, Section 1367, in that the Court has

supplemental jurisdiction in that the state law claims asserted against them are so related

to the federal law claim asserted against Lewis that they form part of the same case or

controversy under Article III of the United States Constitution.

3.     Venue is proper in this court in that:

    A.  The acts complained of occurred in the territorial jurisdiction of this Court.

    B.  Plaintiff Danielle N. Perry is, and at all relevant times, a resident of the territorial jurisdiction of this Court.

    C.  Defendant Village of Belgium is a municipal corporation, organized under the laws of the State of Illinois and is located in the territorial jurisdiction of this Court.

### COMMON ALLIGATIONS

4.     Plaintiff is a female who at all relevant times was employed at a business named Playpen International Incorporated "the Playpen" located in the Village of Belgium, said employment being over a period of approximately two and a half years.

5.     Lewis, at all relevant times was a police officer of the Village of Belgium.

6.     Gibaldy at all relevant times was the police chief of the Village of Belgium and as such was responsible for the supervision of the Village of Belgium police officers, including Lewis, and was responsible for receiving citizens' complaints concerning Belgium police officers.

7.     Village of Belgium in appointing Gibaldy as its police chief, delegated to him the authority and responsibility to supervise police officers, including Lewis, and to receive citizens' complaints and to take appropriate action in response thereto.

8.     During Plaintiff's employment at the Playpen, Lewis while on duty as a Village of Belgium police officer would, on numerous occasions while on duty as a

Village of Belgium policeman and in police uniform, carrying a firearm and driving a

Village of Belgium police car, come to the Playpen.

9.      On said occasions, Lewis would often make unsolicited sexually illicit

comments to Plaintiff and other female employees of the Playpen.

10.      On said occasions, Lewis would often make unsolicited displays of nude

pictures of himself to Plaintiff and other female employees of the Playpen.

11.      On said occasions, Lewis would often make unsolicited exposures of his

genitalia to Plaintiff and other female employees of the Playpen.

12.      Scott Corrie was at all relevant times the operator of the Playpen.

13.      Plaintiff and other female employees of the Playpen made complaints to

Scott Corrie about the aforesaid conduct of Lewis.

14.      Scott Corrie reported to Gibaldy and Village of Belgium as to Lewis's

behaviors and actions at the Playpen.

15.      Employees of the Playpen reported Lewis's behavior to Gibaldy.

## LEWIS'S CONDUCT  DIRECTED SPECIFICALLY TO THE PLAINTIFF

16.      On March 17, 2006, at approximately 3:10 a.m., Plaintiff, while alone in

her motor vehicle, was driving Westbound on Lyons Road toward her home in Homer,

Illinois, when on the east side of Catlin, Illinois, she was stopped by Lewis who was in

his police uniform and operating a Village of Belgium police car and effectuated the stop

by activating his emergency lights.

17.      Lewis's stopping of the Plaintiff was without legal justification.

18.      During said stop, Lewis committed sexual assault and battery upon the

Plaintiff.

19.    Ultimately, the Plaintiff was able to escape from Lewis and drove to Catlin in an attempt to find help.

20.    Subsequently, Plaintiff received multiple harassing telephone calls from Lewis and at Lewis's direction.

21.    As a result of Lewis's conduct, Plaintiff was subjected to sexual assault and battery and did suffer mental anguish and emotional trauma all to her damages.

## Count 1
### (Violation of 42 U.S.C. Section 1983)

Complaining of Lewis pursuant to 42 U.S.C., Section 1983, Plaintiff avers:

1-21.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 21 as set forth above as paragraphs 1-21 of this count respectively.

22.    By virtue of the foregoing premises Lewis's conduct in question was under the color of law.

23.    Lewis's conduct in question violated Plaintiff's constitutional rights in that:

A.    The conduct violated the Plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States.

B.    The conduct violated Plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE, Plaintiff prays judgment against Lewis pursuant to 42 U.S.C. Section 1983 in excess of $75,000.00 to reasonably and fairly compensate the plaintiff and for costs of suit.

## Count 2
### Negligent Supervision

Complaining of Gibaldy and the Village of Belgium jointly and severely Plaintiff avers:

1-21.   Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 21 as set forth above as paragraphs 1 through 21 of this count respectively.

22.      At all relevant times Gibaldy was the police chief of Village of Belgium and was acting within the course and scope of his employment with the Village of Belgium and accordingly, the Village of Belgium is responsible for his negligent acts or omissions complained of under the doctrine of *respondeat superior*.

23.      Gibaldy and the Village of Belgium owed to the Plaintiff and other members of the public the duty to supervise village police officers including Lewis.

24.      Gibaldy and the Village of Belgium negligently failed to meet their aforesaid duty by virtue of one or more or a combination of the following acts or omissions:

> A.      Failed to take corrective action after they knew or should have known that Lewis was behaving in an improper manner in the frequency of his official visits to the Playpen.
>
> B.      Failed to take corrective action after they knew or should have known Lewis was making unsolicited sexually illicit comments to female employees of the Playpen.
>
> C.      Failed to take corrective action after they knew or should have known Lewis was making unsolicited display of nude pictures of himself to female employees of the Playpen.

D.    Failed to take corrective action after they knew or should have known Lewis was making unsolicited exposures of his genitalia to Plaintiff and other female employees of the Playpen.

E.    Failed to take corrective action after they knew or should have known that Lewis without justification frequently entered the dressing room of the female employees.

25.    By virtue of defendant's failure, Lewis's improper conduct continued and escalated to the point that he committed the aforesaid sexual assault and battery upon the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Gibaldy and the Village of Belgium, jointly and severally in excess of $75,000.00 to reasonably and fairly compensate the plaintiff, costs of suit and demands a trial by jury.

## Count 3
### (Negligent Retention)

Complaining of Gibaldy and the Village of Belgium, jointly and severally, Plaintiff avers:

1-21.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 21 as set forth above as paragraphs 1 through 21 of this count respectively.

22.    At all relevant times, Gibaldy was the police chief of the Village of Belgium and was acting within the course and scope of his employment with the Village of Belgium and accordingly, the Village of Belgium is responsible for his negligent acts or omissions complained of under the doctrine of *respondeat superior*.

23.    Gibaldy and the Village of Belgium owed to the Plaintiff and other members of the public the duty to not retain police officers who were guilty of a course of improper conduct toward members of the public.

24.    Gibaldy and the Village of Belgium negligently failed to terminate Lewis's employment in violation of their aforesaid duty by virtue of one or more or a combination of the following acts or omissions:

A.    Failed to terminate Lewis after they knew or should have known that Lewis was behaving in an improper manner in the frequency of his official visits to the Playpen.

B.    Failed to terminate Lewis after they knew or should have known Lewis was making unsolicited sexually illicit comments to female employees of the Playpen.

C.    Failed to terminate Lewis after they knew or should have known Lewis was making unsolicited display of nude pictures of himself to female employees of the Playpen.

D.    Failed to terminate Lewis after they knew or should have known Lewis was making unsolicited exposures of his genitalia to Plaintiff and other female employees of the Playpen.

E.    Failed to terminate Lewis after they knew or should have known that Lewis was without justification when he frequently entered the dressing room of the female employees without adequate reason.

25.    By virtue of defendant's failure, Lewis's improper conduct continued and
escalated to the point that he committed the aforesaid sexual assault and battery upon the
Plaintiff.

WHEREFORE Plaintiff prays for judgment against Gibaldy and the Village of
Belgium, jointly and severally in excess of $75,000.00 to reasonably and fairly
compensate the plaintiff, costs of suit and demands a trial by jury

DANIELLE N. PERRY, Plaintiff, by Joseph
W. Phebus and Elizabeth Holder of the firm of
Phebus & Koester and James Spiros and Karen
Wall of the firm of Spiros & Wall

By:    s/Joseph W. Phebus
JOSEPH W. PHEBUS
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois  61801
(217) 337-1400
*jwphebus@phebuslaw.com*

By:    s/Elizabeth Holder
ELIZABETH HOLDER
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois  61801
(217) 337-1400
*eholder@phebuslaw.com*

By:    s/James Spiros
JAMES SPIROS
SPIROS & WALL, P.C.
2807 North Vermilion Street, Suite 3
Danville, Illinois  61832
(217) 443-4343
jspiros@spiroswall.com

By:    s/Karen Wall
KAREN WALL
SPIROS & WALL, P.C.

2807 North Vermilion Street, Suite 3
Danville, Illinois  61832
(217) 443-4343
kwall@spiroswall.com


## JURY DEMAND

COMES NOW Plaintiff Danielle N. Perry by her attorneys, Joseph Phebus and

Elizabeth Holder of Phebus & Koester and James Spiros and Karen Wall of Spiros &

Wall, and hereby demands a trial by jury on the issues in this cause.

DANIELLE N. PERRY, Plaintiff, by Joseph
W. Phebus and Elizabeth Holder of the firm of
Phebus & Koester and James Spiros and Karen
Wall of the firm of Spiros & Wall

By:    s/Joseph W. Phebus
JOSEPH W. PHEBUS
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois  61801
(217) 337-1400
*jwphebus@phebuslaw.com*


By:    s/Elizabeth Holder
ELIZABETH HOLDER
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois  61801
(217) 337-1400
*eholder@phebuslaw.com*


By:    s/James Spiros
JAMES SPIROS
SPIROS & WALL, P.C.
2807 North Vermilion Street, Suite 3
Danville, Illinois  61832
(217) 443-4343
jspiros@spiroswall.com


By:    s/Karen Wall

KAREN WALL
SPIROS & WALL, P.C.
2807 North Vermilion Street, Suite 3
Danville, Illinois  61832
(217) 443-4343
kwall@spiroswall.com

F:\DOCS\JOE\BELGIUM\Complaint.doc

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
DANIELLE N. PERRY

**DEFENDANTS**
DAVID LEWIS, DALE GIBALDY, and THE     VILLAGE OF BELGIUM, a municipal corporation

**(b)**   County of Residence of First Listed Plaintiff   Champaign
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Vermilion
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Joseph W. Phebus and Elizabeth S. Holder,  Phebus & Koester, 136 W. Main Street, Urbana, Illinois  61801;  (217) 337-1400

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                            and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [X] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $   75,000.00 +

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   3/14/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____