E-FILED
Friday, 20 June, 2008 08:53:29 AM
Clerk, U.S. District Court, ILCD

05483-R8525
BMS/dkl
G:\25\R8525\R8525PMD 001

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DANIELLE N. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 08-cv-2070 |
| | ) | |
| DAVID LEWIS, DALE GIBALDY, and THE VILLAGE OF BELGIUM, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DALE GIBALDY AND THE VILLAGE OF BELGIUM MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, DALE GIBALDY and THE VILLAGE OF BELGIUM, a municipal corporation, by JAMES C. KEARNS of HEYL, ROYSTER, VOELKER & ALLEN, their attorneys, and respectfully submit this Memorandum of Law in Support of their motion to dismiss the Complaint of the Plaintiff, DANIELLE N. PERRY, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

On March 14, 2008, Plaintiff, DANIELLE N. PERRY, filed her Complaint against David Lewis, Dale Gibaldy, and the Village of Belgium. Count I of the Complaint alleges that David Lewis violated Plaintiff's Fourth and Fifth Amendment rights and is brought pursuant to 42 U.S.C. § 1983. (Compl., Count I, ¶¶ 1 - 23). Counts II and III, negligent supervision and negligent retention, are directed against Defendants Dale Gibaldy and the Village of Belgium. Both Count II and III are state law claims for which supplemental jurisdiction has been asserted

HEYL ROYSTER VOELKER & ALLEN
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

pursuant to 28 U.S.C. § 1367. (Compl., ¶ 2). Counts II and III are directed against Defendant Dale Gibaldy in his official capacity as the Chief of Police of the Village of Belgium; the counts are also addressed to the Village of Belgium under the doctrine of *respondeat superior.* (Compl., Count II, ¶ 22); (Compl., Count III, ¶ 22). As set forth herein, Plaintiff's state law claims for negligent supervision and negligent retention are time barred and, therefore, dismissal with prejudice is warranted.

## II. ARGUMENT

### A. Plaintiff's causes of action against Defendants Dale Gibaldy and the Village of Belgium are time barred and therefore should be dismissed.

Federal Rule of Civil Procedure 12(b)(6) permits a Motion to Dismiss for failure to state a claim for which relief can be granted. To state such a claim, Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This means the complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what . . . the claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 292 (2007)). The complaint must actually "suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*

"[I]f a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Financial Corp. v. G.N. Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995) (citing *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993)). *See also Haynes v. City of Chicago*, No. 07-cv-2231, 2008 WL 1924891, at *2 (N.D. Ill. April 29, 2008) (dismissing state law claims as time barred while allowing plaintiff's § 1983 claims to proceed). In Illinois, §

HEYL ROYSTER VOELKER & ALLEN
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

1983 claims are governed by a two year limitations. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). However, under the Local Governmental and Governmental Employees Tort Immunity Act, state law "civil actions against governmental entities and their employees are barred if not commenced within one year from the date the cause of action accrued." *Houston v. Gaud,* No. 02-C-1394, 2002 WL 31433674, at *2 (N.D. Ill. Oct. 24, 2002) (citing 745 ILCS 10/8-101(a)). Specifically, the Tort Immunity Act provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a).

Here, Plaintiff alleges that on March 17, 2006, David Lewis unlawfully stopped her while operating a Village of Belgium police car, and sexually assaulted and battered her. (Compl. ¶ ¶ 16 - 18). Thus, under the Tort Immunity Act, Plaintiff was required to file any state law claims against the Village of Belgium and its employees, including Dale Gibaldy, by March 17, 2007. However, Plaintiff did not file her Complaint until March 14, 2008. Thus, Plaintiff's state law claims for negligent supervision and negligent retention are time barred and therefore must be dismissed pursuant to 12(b)(6). *See Williams v. Lampe*, 399 F.3d 867, 869-&0 (7th Cir. 2005) (holding that the Tort Immunity Act's one year statute of limitations applies to state law claims that are joined with a § 1983 claim).

Moreover, Plaintiff should not be granted leave to file an Amended Complaint against Defendants, Dale Gibaldy and The Village of Belgium, as any such Amended Complaint brought pursuant to § 1983 would also be time barred. Federal Rule of Civil Procedure 15(c) "provides that an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of limitations where 'the claim or defense asserted in the amended pleading

HEYL ROYSTER VOELKER & ALLEN
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.'" ***Henderson v. Bolanda***, 253 F.3d 928, 931 (7th Cir. 2001) (citing Fed. R. Civ. P. 15(c)(2)). "However, in order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed." ***Id.***

In this case, as in ***Henderson v. Bolanda*** and ***Williams v. Lampe***, Plaintiff's original complaint against Defendants Dale Gibaldy and the Village of Belgium solely alleges state tort claims for which the statute of limitations was one year. As discussed above, Plaintiff's state law claims are time barred under the Tort Immunity Act. Any § 1983 lawsuit filed against either Dale Gibaldy or the Village of Belgium, would have to have been filed by March 17, 2008. (***See*** Compl. ¶ 16, alleging constitutional violation occurred on March 17, 2006). As Plaintiff's present complaint against Gibaldy and the Village of Belgium is not timely, it cannot "act as a lifeline for a later complaint, filed after the two year statute of limitations for the claims which it contained." ***Henderson***, 253 F.3d at 932. Thus, even to the extent that an Amended Complaint against Gibaldy and/or the Village of Belgium asserting § 1983 claims is filed, even if the claim arises from the same incident as Perry's tort claims, and even though her original complaint was filed within two years of March 17, 2006, her § 1983 claims, if any, against Gibaldy and the Village of Belgium are time barred because the state tort claims were not timely filed. ***See Williams,*** 399 F.3d at 870.

WHEREFORE, the Defendants, DALE GIBALDY and THE VILLAGE OF BELGIUM, a municipal corporation, pray that this Court dismiss with prejudice the Complaint of the Plaintiff, DANIELLE N. PERRY.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

DALE GIBALDY and THE VILLAGE OF BELGIUM, a municipal corporation, Defendants

s/ James C. Kearns
Attorney for Defendants
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: jkearns@hrva.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Joseph W. Phebus
Ms. Elizabeth Holder
Phebus & Koester
136 W. Main St.
Urbana, IL 61801-2797

Mr. James D. Spiros
Ms. Karen Wall
Spiros & Wall, P.C.
Suite 3
2807 North Vermilion Street
Danville, IL 61832

s/ James C. Kearns
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300, 102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: jkearns@hrva.com

HEYL ROYSTER VOELKER & ALLEN
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060