E-FILED
Tuesday, 01 July, 2008   04:31:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| *DANIELLE N. PERRY*, | Trial by Jury Demanded |
| Plaintiff, | |
| *vs.* | |
| *DAVID LEWIS et al.*, | |
| Defendant. | Case No. 08-cv-2070 |

# DEFENDANT, DAVID LEWIS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSE

Defendant, David Lewis (hereafter "Lewis"), by counsel, Steven L. Blakely of ACTON & SNYDER, LLP, Danville, Illinois, answers and raises the following affirmative defenses to plaintiff, Danielle Perry's (hereafter "Perry") Complaint:

## JURISDICTION

(1) This court has jurisdiction as to the claim against Lewis pursuant to 28 U.S. Code Section 1331 and 1343(a), in that Plaintiff's claims against Lewis are brought under 28 U.S. Code, Section 1983.

Answer:   Lewis denies the averments contained in ¶1 of Perry's complaint.

(2) This court has jurisdiction as to Gibaldy and Belgium and the other claims asserted against Lewis pursuant to 28 U.S. Code, Section 1367, in that the court has supplemental jurisdiction in that the state law claims asserted against them are so related to the federal law claim asserted against Lewis that they form part of the same case or controversy under Article III of the United

States Constitution.

    Answer:   Lewis denies the averments contained in ¶2 of Perry's complaint.

(3) Venue is proper in this court in that:

    A.   The acts complained of occurred in the territorial jurisdiction of this court.

    B.   Plaintiff Danielle N. Perry is, and at all relevant times, a resident of the territorial jurisdiction of this Court.

    C.   Defendant Village of Belgium is a municipal corporation, organized under the laws of the State of Illinois and is located in the territorial jurisdiction of this Court.

    Answer:   Lewis admits the averments contained in ¶3 of Perry's complaint.

## COMMON ALLEGATIONS

(4) Plaintiff is a female who at all relevant times was employed at a business named Playpen International Incorporated "the Playpen" located in the Village of Belgium, said employment being over a period of approximately two and a half years.

    Answer:   Lewis admits that Perry is female, admits that "the Playpen" was located in the Village of Belgium, and admits that Perry was a stripper who worked at "the Playpen." Otherwise, Lewis lacks knowledge or information sufficient to form a belief as to the remaining averments contained in ¶4 of Perry's complaint.

(5) Lewis, at all relevant times was a police officer of the Village of Belgium.

    Answer:   Lewis admits the averments contained in ¶5 of Perry's complaint.

(6) Gibaldy at all relevant times was the police chief of the Village of Belgium and as such was responsible for the supervision of the Village of Belgium police officers, including Lewis, and was responsible for receiving citizens' complaints concerning Belgium police officers.

Answer:  Lewis admits the averments contained in ¶6 of Perry's complaint.

(7)  Village of Belgium in appointing Gibaldy as its police chief, delegated to him the authority and responsibility to supervise police officers, including Lewis, and to receive citizens' complaints and to take appropriate action in response thereto.

Answer:  Lewis lacks knowledge or information sufficient to form a belief as to the averments contained in ¶7 of Perry's complaint.

(8)  During Plaintiff's employment at the Playpen, Lewis while on duty as a Village of Belgium police officer would, on numerous occasions while on duty as a Village of Belgium policeman and in police uniform, carrying [sic] a firearm and driving a Village of Belgium police car, come to the Playpen.

Answer:  Lewis admits that he was sometimes present at the Playpen, but otherwise denies the remaining averments contained in ¶8 of Perry's complaint.

(9)  On said occasions, Lewis would often make unsolicited sexually illicit comments to Plaintiff and other female employees of the Playpen.

Answer:  Lewis denies the averments contained in ¶9 of Perry's complaint.

(10)  On said occasions, Lewis would often make unsolicited displays of nude pictures of himself to Plaintiff and other female employees of the Playpen.

Answer: Lewis denies the averments contained in ¶10 of Perry's complaint.

(11)  On said occasions, Lewis would often make unsolicited exposures of his genitalia to Plaintiff and other female employees of the Playpen.

Answer:  Lewis denies the averments contained in ¶11 of Perry's complaint.

(12)  Scott Corrie was at all relevant times the operator of the Playpen.

Answer: Lewis lacks knowledge or information sufficient to form a belief as to the averments contained in ¶12 of Perry's complaint.

(13) Plaintiff and other female employees of the Playpen made complaints to Scott Corrie about the aforesaid conduct of Lewis.

Answer: Lewis lacks knowledge or information sufficient to form a belief as to the averments contained in ¶13 of Perry's complaint.

(14) Scott Corrie reported to Gibaldy and Village of Belgium as to Lewis's behaviors and actions at the Playpen.

Answer: Lewis denies the averments contained in ¶14 of Perry's complaint.

(15) Employees of the Playpen reported Lewis's behavior to Gibaldy.

Answer: Lewis denies the averments contained in ¶15 of Perry's complaint.

## LEWIS' CONDUCT DIRECTED SPECIFICALLY TO THE PLAINTIFF

(16) On March 17, 2006, at approximately 3:10 a.m., Plaintiff, while alone in her motor vehicle, was driving Westbound on Lyons road toward her home in Homer, Illinois, when on the east side of Catlin, Illinois, she was stopped by Lewis who was in his police uniform and operating a Village of Belgium police car and effectuated the stop by activating his emergency lights.

Answer: Lewis denies the averments contained in ¶16 of Perry's complaint.

(17) Lewis's stopping of the Plaintiff was without legal justification.

Answer: Lewis denies the averments contained in ¶17 of Perry's complaint.

(18) During said stop, Lewis committed sexual assault and battery upon the Plaintiff.

Answer: Lewis denies the averments contained in ¶18 of Perry's complaint.

(19) Ultimately, the Plaintiff was able to escape from Lewis and drove to Catlin in an

attempt to find help.

Answer:  Lewis denies the averments contained in ¶19 of Perry's complaint.

(20)  Subsequently, Plaintiff received multiple harassing telephone calls from Lewis and at Lewis's direction.

Answer:   Lewis denies the averments contained in ¶20 of Perry's complaint.

(21)   As a result of Lewis's conduct, Plaintiff was subjected to sexual assault and battery and did suffer mental anguish and emotional trauma all to her damages.

Answer:  Lewis denies the averments contained in ¶21 of Perry's complaint.

## Count 1

(Violation of 42 U.S.C. Section 1983)

Complaining of Lewis pursuant to 42 U.S.C., Section 1983, Plaintiff avers:

(1-21)  Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 21 as set forth above as paragraphs 1-21 of this count respectively.

Answer: Lewis realleges and incorporates by reference as his answer to Count 1, ¶¶1-21, his answers to ¶¶1-21 of the Jurisdiction, Common Allegations, and Lewis' Conduct Directed Specifically to the Plaintiff portions of Perry's complaint.

(22)   By virtue of the foregoing premises Lewis's conduct in question was under the color of law.

Answer:  Lewis denies the averments contained in Count 1, ¶22, of Perry's complaint.

(23)  Lewis's conduct in question violated Plaintiff's constitutional rights in that:

    A.    The conduct violated the Plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States.

  B. The conduct violated Plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

Answer: Lewis denies the averments contained in Count 1, ¶23, of Perry's complaint.

Count 2

(Negligent Supervision)

Count 2 of Perry's complaint is directed towards of Gibaldy and the Village of Belgium only, so Lewis does not answer Count 2.

Count 3

(Negligent Retention)

Count 3 of Perry's complaint is directed towards of Gibaldy and the Village of Belgium only, so Lewis does not answer Count 3.

First Affirmative Defense

Perry's claims are barred by the statute of limitations.

Second Affirmative Defense

Perry's complaint fails to state a claim for which relief may be granted and should be dismissed pursuant to Fed. Rule Civ. P. 12(b)(6).

WHEREFORE, Lewis prays for entry of judgment for him and against Perry, that Perry take nothing by way of her complaint, for an award of costs, and for all such other just and proper relief.

Jury Demand

Lewis requests trial by jury.

    /s/ Steven L. Blakely
    ACTON & SNYDER, LLP
    Attorney for the Defendant,
    David Lewis
    11 East North Street
    Danville, Illinois 61832

Tel. (217)442-0350  
Fax (217)442-0335  
e-mail: sblakely@acton-snyder.com

Certificate of Service

I hereby certify that on July 01, 2008, I electronically filed the forgoing document with the Clerk of the United States District Court using CM/EFC system which will send notification of such filing to the following:

| | |
|---|---|
| Joseph W. Phebus | James D. Spiros |
| Elizabeth Holder | Karen Wall |
| PHEBUS & KOESTER | SPIROS & WALL, P.C. |
| 136 West Main Street | 2807 North Vermilion Street, Suite 3 |
| Urbana, Illinois 61801-2797 | Danville, Illinois 61832 |

James Kearns
HEYL, ROYSTER, VOELKER & ALLEN
Post Office Box 129
102 East Main Street, Suite 300
Urbana, Illinois 61803-0129

/s/ Steven L. Blakely