E-FILED
Monday, 07 July, 2008  11:27:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIELLE N. PERRY, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) ) Cause No. 08-CV-2070 |
| DAVID LEWIS, DALE GIBALDY, and THE VILLAGE OF BELGIUM, a municipal corporation, | ) ) ) ) |
|     Defendants. | ) ) |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Plaintiff Danielle N. Perry by one of her attorneys, Joseph W. Phebus of the firm of Phebus & Koester, and pursuant to Rule 15 of the Federal Rules of Civil Procedure moves for leave to amend her complaint herein to specifically assert a claim under 42 U.S.C., Section 1983, against Defendant Gibaldy and Defendant Village of Belgium. A copy of the proposed Amended Complaint is attached hereto as Exhibit 1 and incorporated herein by reference thereto. The proposed Amended Complaint also includes the claims by Audrey White who, pursuant to Rule 20 of Federal Rules of Civil Procedure, is petitioning to join.

                                        DANIELLE N. PERRY, Plaintiff, by one of her
                                        attorneys, Joseph W. Phebus of the firm of
                                        PHEBUS & KOESTER

By:    s/Joseph W. Phebus
           JOSEPH W. PHEBUS
           PHEBUS & KOESTER
           136 West Main Street
           Urbana, Illinois  61801
           (217) 337-1400
           *jwphebus@phebuslaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James C. Kearns
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois 61803-0129
*Counsel for Defendants Gibaldy and Village of Belgium*

Brian M. Smith
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois 61803-0129
*Counsel for Defendants Gibaldy and Village of Belgium*

Steven L. Blakely
Acton & Snyder, LLP
11 East North Street
Danville, Illinois 61832

*Counsel for Defendant Lewis*
James D. Spiros
Spiros & Wall
2807 North Vermilion Street, Suite 3
Danville, Illinois 61832
*Co-counsel for plaintiff*

Karen E. Wall
Spiros & Wall
2807 North Vermilion Street, Suite 3
Danville, Illinois 61832
*Co-counsel for plaintiff*

                                                    s/    J.W. PHEBUS
                                                          J. W. PHEBUS
                                                          Attorney for Plaintiff
                                                          PHEBUS & KOESTER
                                                          136 West Main Street
                                                          Urbana, Illinois 61801
                                                          Telephone: (217) 337-1400

Fax: (217) 337-1607
*jwphebus@phebuslaw.com*

*f:\docs\joe\belgium\mot. leave. amend.doc*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIELLE N. PERRY and AUDREY WHITE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No. 08-CV-2070 ) |
| DAVID LEWIS, DALE GIBALDY, and THE VILLAGE OF BELGIUM, a municipal corporation, | ) ) ) ) |
| Defendants. | ) ) |

**AMENDED COMPLAINT**

COME NOW Plaintiffs Danielle N. Perry and Audrey White by their attorneys, Joseph Phebus and Elizabeth Holder of Phebus & Koester and James Spiros and Karen Wall of Spiros & Wall, and complaining of Defendants David Lewis ("Lewis"), Dale Gibaldy ("Gibaldy") and The Village of Belgium ("Village of Belgium"), aver:

**JURISDICTION AS TO PERRY'S CLAIMS**

1. This court has jurisdiction as to the claims against the defendants pursuant to 28 U.S. Code, Sections 1331, in that plaintiff's claims against the defendants are brought under 28 U.S. Code, Section 1983.

2. Venue is proper in this court in that:

   A. The acts complained of occurred in the territorial jurisdiction of this Court.

   B. Plaintiff Danielle N. Perry is, and at all relevant times, was a resident of the territorial jurisdiction of this Court.

   C. Defendant Village of Belgium is a municipal corporation organized under the laws of the State of Illinois and is located in the territorial jurisdiction of this Court.

# EXHIBIT 1

3.	Plaintiff asserts a claim herein for attorneys' fees under the Civil Rights Attorneys' Fees Act of 1976, 42 U.S.C., Section 1988.

## COMMON ALLEGATIONS AS TO PERRY

4.	Plaintiff is a female who at all relevant times was employed at a business named Playpen International Incorporated "the Playpen" located in the Village of Belgium, said employment being over a period of approximately two and a half years.

5.	Lewis at all relevant times was a police officer of the Village of Belgium and his course of conduct involving sexual assault and battery of women continued until after December 23, 2006, notwithstanding the knowledge of Gibaldy and the Village of Belgium of the conduct for a period of many months.

6.	Gibaldy at all relevant times was the police chief of the Village of Belgium and as such was responsible for the training of the Village of Belgium police officers, including Lewis, so that the constitutional rights of the citizens were protected.

7.	Village of Belgium in appointing Gibaldy as its police chief delegated to him the authority and responsibility to train police officers, including Lewis, and to ensure that said training was performed so that the constitutional rights of the citizens were protected.

8.	Gibaldy at all relevant times was the police chief of the Village of Belgium and as such was responsible for the supervision of the Village of Belgium police officers, including Lewis, and was responsible for receiving citizens' complaints concerning Belgium police officers.

9. Village of Belgium in appointing Gibaldy as its police chief delegated to him the authority and responsibility to supervise police officers, including Lewis, and to receive citizens' complaints and to take appropriate action in response thereto.

10. During plaintiff's employment at the Playpen, Lewis would on numerous occasions while on duty as a Village of Belgium policeman and in police uniform carrying a firearm and driving a Village of Belgium police car come to the Playpen.

11. On said occasions, Lewis would often make unsolicited sexually illicit comments to plaintiff and other female employees of the Playpen.

12. On said occasions, Lewis would often make unsolicited displays of nude pictures of himself to plaintiff and other female employees of the Playpen.

13. On said occasions, Lewis would often make unsolicited exposures of his genitalia to plaintiff and other female employees of the Playpen.

14. Scott Corrie was at all relevant times the operator of the Playpen.

15. Plaintiff and other female employees of the Playpen made complaints to Scott Corrie about the aforesaid conduct of Lewis.

16. Scott Corrie reported to Gibaldy and Village of Belgium as to Lewis' behaviors and actions at the Playpen.

17. Employees of the Playpen reported Lewis' behavior to Gibaldy.

**LEWIS' CONDUCT DIRECTED SPECIFICALLY TO PERRY**

18. On March 17, 2006, at approximately 3:10 a.m., plaintiff, while alone in her motor vehicle, was driving westbound on Lyons Road toward her home in Homer, Illinois, when on the east side of Catlin, Illinois, she was stopped by Lewis who was in

his police uniform and operating a Village of Belgium police car and effectuated the stop by activating his emergency lights.

19. Lewis' stopping of the plaintiff was without legal justification.

20. During said stop, Lewis committed sexual assault and battery upon the plaintiff.

21. Ultimately, the plaintiff was able to escape from Lewis and drove to Catlin in an attempt to find help.

22. Subsequently, plaintiff received multiple harassing telephone calls from Lewis and at Lewis' direction.

23. As a result of Lewis' conduct, plaintiff was subjected to sexual assault and battery and did suffer mental anguish and emotional trauma all to her damages.

## SPECIFIC COUNTS AS TO PERRY

### Count 1
### (Violation of 42 U.S.C. Section 1983)

Complaining of Lewis pursuant to 42 U.S.C., Section 1983, plaintiff avers:

1-23. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 23 as set forth above as paragraphs 1-23 of this count respectively.

24. By virtue of the foregoing premises, Lewis' conduct in question was under the color of law.

25. Lewis' conduct in question violated plaintiff's constitutional rights in that:

   A. The conduct violated the plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States.

    B.  The conduct violated plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE plaintiff prays for judgment against Lewis pursuant to 42 U.S.C. Section 1983 in the amount of $500,000.00 and for costs of suit and her attorneys' fees pursuant to 42 U.S.C. Section 1988 and demands a trial by jury.

**Count 2**
**(Violation of 42 U.S.C. Section 1983)**

Complaining of Gibaldy pursuant to 42 U.S.C., Section 1983, plaintiff avers:

1-23. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 23 as set forth above as paragraphs 1-23 of this count respectively.

24. By virtue of the foregoing premises, Gibaldy's conduct in question was under the color of law.

25. Gibaldy in discharging his responsibility to provide adequate training of Lewis acted with a deliberate indifference toward to the constitutional protections of the plaintiff and members of the public such that Lewis was neither trained nor examined to determine if he was aware of the necessity of comporting his conduct with the protections provided to the plaintiff and members of the public under the Constitution of the United States including:

    A.  The plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.  The plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

26. Gibaldy in discharging his responsibility to provide supervision of Lewis acted with a deliberate indifference toward to the constitutional protections of the

plaintiff and members of the public such that Lewis while on duty, in uniform, carrying a sidearm and while occasionally operating a Village of Belgium police vehicle sexually harassed and assaulted various females including the plaintiff as alleged herein which conduct Gibaldy would have known of but for his utter indifference toward the supervision of Lewis' conduct that:

    A.    Violated the plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.    Violated plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE plaintiff prays for judgment against Gibaldy pursuant to 42 U.S.C. Section 1983 in the amount of $500,000.00 and for costs of suit and her attorneys' fees pursuant to 42 U.S.C. Section 1988 and demands a trial by jury.

## Count 3
### (Violation of 42 U.S.C. Section 1983)

Complaining of Village of Belgium pursuant to 42 U.S.C., Section 1983, plaintiff avers:

1-23. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 23 as set forth above as paragraphs 1-23 of this count respectively.

24. By virtue of the foregoing premises, Village of Belgium's conduct in question was under the color of law.

25. The Village of Belgium in discharging its responsibility to provide adequate training of Lewis acted with a deliberate indifference toward to the constitutional protections of the plaintiff and members of the public such that Lewis was

neither trained nor examined to determine if he was aware of the necessity of comporting his conduct with the protections provided to the plaintiff and members of the public under the Constitution of the United States including:

    A.    The plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.    The plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

26.    The Village of Belgium in discharging its responsibility to provide supervision of Lewis acted with a deliberate indifference toward to the constitutional protections of the plaintiff and members of the public such that Lewis while on duty, in uniform, carrying a sidearm and while occasionally operating a Village of Belgium police vehicle sexually harassed and assaulted various females including the plaintiff as alleged herein which conduct the Village of Belgium would have known of but for its utter indifference toward the supervision of Lewis' conduct that:

    A.    Violated the plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.    Violated plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE plaintiff prays for judgment against the Village of Belgium pursuant to 42 U.S.C. Section 1983 in the amount of $500,000.00 and for costs of suit and her attorneys' fees pursuant to 42 U.S.C. Section 1988 and demands a trial by jury.

### JURISDICTION AS TO WHITE'S CLAIMS

1. This court has jurisdiction as to the claims against the defendants pursuant to 28 U.S. Code, Sections 1331, in that plaintiff's claims against the defendants are brought under 28 U.S. Code, Section 1983.

2. Venue is proper in this court in that:

   A. The acts complained of occurred in the territorial jurisdiction of this Court.

   B. Plaintiff Audrey White is, and at all relevant times, was a resident of the territorial jurisdiction of this Court.

   C. Defendant Village of Belgium is a municipal corporation organized under the laws of the State of Illinois and is located in the territorial jurisdiction of this Court.

3. Plaintiff asserts a claim herein for attorneys' fees under the Civil Rights Attorneys' Fees Act of 1976, 42 U.S. Code, Section 1988.

## COMMON ALLEGATIONS AS TO WHITE

4. Lewis at all relevant times was a police officer of the Village of Belgium.

5. Gibaldy at all relevant times was the police chief of the Village of Belgium and as such was responsible for the training of the Village of Belgium police officers, including Lewis, so that the constitutional rights of the citizens were protected.

6. The Village of Belgium in appointing Gibaldy as its police chief, delegated to him the authority and responsibility to train police officers, including Lewis, and to ensure that said training was performed so that the constitutional rights of the citizens were protected.

7. Gibaldy at all relevant times was the police chief of the Village of Belgium and as such was responsible for the supervision of the Village of Belgium police

officers, including Lewis, and was responsible for receiving citizens' complaints concerning Belgium police officers.

8. The Village of Belgium in appointing Gibaldy as its police chief delegated to him the authority and responsibility to supervise police officers, including Lewis, and to receive citizens' complaints and to take appropriate action in response thereto.

9. Lewis would on numerous occasions while on duty as a Village of Belgium policeman and in police uniform carrying a firearm and driving a Village of Belgium police car come to the Playpen, a club located in the Village of Belgium.

10. On said occasions, Lewis would often make unsolicited sexually illicit comments to female employees of the Playpen.

11. On said occasions, Lewis would often make unsolicited displays of nude pictures of himself to female employees of the Playpen.

12. On said occasions, Lewis would often make unsolicited exposures of his genitalia to female employees of the Playpen.

13. Scott Corrie was at all relevant times the operator of the Playpen.

14. Female employees of the Playpen made complaints to Scott Corrie about the aforesaid conduct of Lewis.

15. Scott Corrie reported to Gibaldy and Village of Belgium as to Lewis' behaviors and actions at the Playpen.

16. Employees of the Playpen reported Lewis' behavior to Gibaldy.

17. On March 17, 2006, at approximately 3:10 a.m., Lewis while on duty, in uniform and operating a Village of Belgium police car effectuated a stop of a female employee of the Playpen by activating the police car's emergency lights.

18. At the time of said stop, Lewis subjected said female employee to sexual assault and battery.

19. Lewis' conduct of March 17, 2006, was promptly reported to law enforcement officials and accordingly became known to Gibaldy and the Village of Belgium.

### LEWIS' CONDUCT DIRECTED SPECIFICALLY TO WHITE

20. On the night of December 23, 2006, plaintiff accompanied a friend to the Playpen.

21. While she was at the Playpen, Lewis in his police uniform and carrying a sidearm commenced to make unsolicited sexual advances to the plaintiff.

22. While she was at the Playpen, Lewis in his police uniform and carrying a sidearm instructed plaintiff "As you know, I am a police officer and when Clint drops you off at home, stand outside and wait for me."

23. Upon returning to her home where she lived with her mother, plaintiff went to bed.

24. Subsequently, Lewis knocked on the door; the plaintiff's mother answered at which time Lewis advised that he wanted to see the plaintiff.

25. On being so advised by her mother, plaintiff asked her mother to tell Lewis "I am sleeping", which message her mother conveyed to Lewis.

26. Upon being so advised, Lewis told plaintiff's mother "I am a police officer and need to talk to her. Wake her up. I need to talk to her about a police matter."

27. Upon being so advised, the plaintiff went to the door at which time Lewis ordered her to get into the police car.

28. Thereafter, Lewis drove plaintiff to a secluded area on Lyons Road where he began to sexually assault her.

29. After plaintiff was ordered into the police car, her mother became concerned as a result of Lewis' behavior and called 911.

30. As a result of plaintiff's mother's call, a general message was put out over the law enforcement radio network inquiring if anyone had picked up Audrey White, which call was broadcast over the radio in Lewis' Village of Belgium police car.

31. Upon hearing the call, Lewis ceased his sexual assault on the plaintiff and commenced to drive her home. While doing so, he instructed plaintiff "Tell people I picked you up so you could show me where Kenny Taylor was at."

32. As a result of Lewis' conduct, plaintiff was subjected to sexual assault and battery and did suffer mental anguish and emotional trauma, all to her damages.

## SPECIFIC COUNTS AS TO WHITE

### Count 4
### (Violation of 42 U.S.C. Section 1983)

Complaining of Lewis pursuant to 42 U.S.C., Section 1983, plaintiff avers:

1-32. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 32 as set forth above as paragraphs 1-32 of this count respectively.

33. By virtue of the foregoing premises, Lewis' conduct in question was under the color of law.

34. Lewis' conduct in question violated plaintiff's constitutional rights in that:

    A. The conduct violated the plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

11

        B.        The conduct violated plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE plaintiff prays for judgment against Lewis pursuant to 42 U.S.C. Section 1983 in the amount of $500,000.00 and for costs of suit and her attorneys' fees pursuant to 42 U.S.C. Section 1988 and demands a trial by jury.

**Count 5**
**(Violation of 42 U.S.C. Section 1983)**

Complaining of Gibaldy pursuant to 42 U.S.C., Section 1983, plaintiff avers:

1-32.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 32 as set forth above as paragraphs 1-32 of this count respectively.

33.    By virtue of the foregoing premises Gibaldy's conduct in question was under the color of law, which conduct was known to Gibaldy and the Village for a period of many months prior to Lewis' assault upon the plaintiff.

34.    Gibaldy in discharging his responsibility to provide adequate training of Lewis acted with a deliberate indifference toward to the constitutional protections of the plaintiff and members of the public such that Lewis was neither trained nor examined to determine if he was aware of the necessity of comporting his conduct with the protections provided to the plaintiff and members of the public under the Constitution of the United States including:

        A.        The plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

        B.        The plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

35. Gibaldy in discharging his responsibility to provide supervision of Lewis acted with a deliberate indifference toward to the constitutional protections of the plaintiff and members of the public such that Lewis while on duty, in uniform, carrying a sidearm and while occasionally operating a Village of Belgium police vehicle sexually harassed and assaulted various females including the plaintiff as alleged herein which conduct Gibaldy would have known of but for his utter indifference toward the supervision of Lewis' conduct that:

    A.    Violated the plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.    Violated plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE plaintiff prays for judgment against Gibaldy pursuant to 42 U.S.C. Section 1983 in the amount of $500,000.00 and for costs of suit and her attorneys' fees pursuant to 42 U.S.C. Section 1988 and demands a trial by jury.

### Count 6
**(Violation of 42 U.S.C. Section 1983)**

Complaining of Village of Belgium pursuant to 42 U.S.C., Section 1983, plaintiff avers:

1-32. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 32 as set forth above as paragraphs 1-32 of this count respectively.

33. By virtue of the foregoing premises, Village of Belgium's conduct in question was under the color of law, which conduct was known to Gibaldy and the Village for a period of many months prior to Lewis' assault upon the plaintiff.

34. The Village of Belgium in discharging its responsibility to provide adequate training of Lewis acted with a deliberate indifference toward the constitutional protections of the plaintiff and members of the public such that Lewis was neither trained nor examined to determine if he was aware of the necessity of comporting his conduct with the protections provided to the plaintiff and members of the public under the constitution of the United States including:

    A.    The plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.    The plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

35. The Village of Belgium in discharging its responsibility to provide supervision of Lewis acted with a deliberate indifference toward the constitutional protections of the plaintiff and members of the public such that Lewis while on duty, in uniform, carrying a sidearm and while occasionally operating a Village of Belgium police vehicle sexually harassed and assaulted various females including the plaintiff as alleged herein which conduct the Village of Belgium would have known of but for its utter indifference toward the supervision of Lewis' conduct that:

    A.    Violated the plaintiff's right to be secure in her person against unreasonable searches and seizures as guaranteed by the IV Amendment to the Constitution of the United States;

    B.    Violated plaintiff's right of liberty as guaranteed by the V Amendment to the Constitution of the United States.

WHEREFORE, plaintiff prays for judgment against the Village of Belgium pursuant to 42 U.S.C., Section 1983, in the amount of $500,000.00 and for costs of suit and her attorneys' fees pursuant to 42 U.S.C., Section 1988, and demands a trial by jury.

DANIELLE N. PERRY and AUDREY WHITE, Plaintiffs, by Joseph W. Phebus and Elizabeth Holder of the firm of Phebus & Koester and James Spiros and Karen Wall of the firm of Spiros & Wall

By:   s/Joseph W. Phebus
     JOSEPH W. PHEBUS
     PHEBUS & KOESTER
     136 West Main Street
     Urbana, Illinois 61801
     (217) 337-1400
     *jwphebus@phebuslaw.com*

By:   s/Elizabeth Holder
     ELIZABETH HOLDER
     PHEBUS & KOESTER
     136 West Main Street
     Urbana, Illinois 61801
     (217) 337-1400
     *eholder@phebuslaw.com*

By:   s/James Spiros
     JAMES SPIROS
     SPIROS & WALL, P.C.
     2807 North Vermilion Street, Suite 3
     Danville, Illinois 61832
     (217) 443-4343
     *jspiros@spiroswall.com*

By:   s/Karen Wall
     KAREN WALL
     SPIROS & WALL, P.C.
     2807 North Vermilion Street, Suite 3
     Danville, Illinois 61832
     (217) 443-4343
     *kwall@spiroswall.com*

**JURY DEMAND**

COME NOW Plaintiffs Danielle N. Perry and Audrey White, by their attorneys, Joseph Phebus and Elizabeth Holder of Phebus & Koester and James Spiros and Karen Wall of Spiros & Wall, and hereby demand a trial by jury on the issues in this cause.

          DANIELLE N. PERRY and AUDREY WHITE,
          Plaintiffs, by Joseph W. Phebus and Elizabeth
          Holder of the firm of Phebus & Koester and James
          Spiros and Karen Wall of the firm of Spiros & Wall

By:    s/Joseph W. Phebus
      JOSEPH W. PHEBUS
      PHEBUS & KOESTER
      136 West Main Street
      Urbana, Illinois  61801
      (217) 337-1400
      *jwphebus@phebuslaw.com*

By:    s/Elizabeth Holder
      ELIZABETH HOLDER
      PHEBUS & KOESTER
      136 West Main Street
      Urbana, Illinois  61801
      (217) 337-1400
      *eholder@phebuslaw.com*

By:    s/James Spiros
      JAMES SPIROS
      SPIROS & WALL, P.C.
      2807 North Vermilion Street, Suite 3
      Danville, Illinois  61832
      (217) 443-4343
      *jspiros@spiroswall.com*

By:    s/Karen Wall
      KAREN WALL
      SPIROS & WALL, P.C.
      2807 North Vermilion Street, Suite 3
      Danville, Illinois  61832
      (217) 443-4343
      *kwall@spiroswall.com*

*f:\docs\joe\belgium\amended complaint.doc*