**E-FILED**
Tuesday, 08 July, 2008  03:01:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIELLE N. PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No. 08-CV-2070 |
| DAVID LEWIS, DALE GIBALDY, and THE ) | |
| VILLAGE OF BELGIUM, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS GIBALDY AND VILLAGE OF
BELGIUM'S MOTION TO DISMISS
AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER
MARCH 14, 2008 COMPLAINT**

NOW COMES Plaintiff Danielle N. Perry by her attorneys, Joseph Phebus and

Elizabeth Holder of Phebus & Koester, and James Spiros and Karen Wall of Spiros &

Wall, and respectfully submit this Memorandum of Law in Opposition to Defendants

Gibaldy and Village of Belgium's Motion to Dismiss and in Support of Leave to Amend

Complaint.

## I.      INTRODUCTION

This suit involved an extreme and gross abuse of governmental authority. Under

the color of law enforcement authority, Defendant Lewis denied Plaintiff due process and

equal protection under the law, by stopping her without justification and proceeding to

sexually abuse Plaintiff her (in her own car) during the course of an official police stop.

Subsequently, Officer Lewis repeatedly sexually harassed Plaintiff while he was on duty

1

and utilizing means available through his employment as a police officer. The Defendant Village of Belgium, acting by and through it Chief of Police Dale Gibaldy tacitly accepted Officer Lewis' misconduct and/or permitted this conduct to occur and continue through its policy and custom of refusing or failing discipline or terminate law enforcement officers for sexual misconduct and/or abuse of authority.  These allegations, it should be noted, were properly asserted in Plaintiff's March 14, 2008 Complaint, wherein Plaintiff made explicit reference to 42 U.S.C § 1983. Defendants were properly advised of the existence of these official misconduct claims within the relevant statute of limitations for such claims: two years from the date of occurrence. Hence, Defendants' motion to dismiss Plaintiff's federal claims, against Defendants Gibaldy and Village of Belgium, is entirely without merit because the Plaintiff  asserted official misconduct claims, actionable under 42 U.S.C § 1983, against all Defendants within the required time frame.

Although Plaintiff asserted that the basis of her claim against Defendant Lewis was 42 U.S.C § 1983, this fact was not expressly stated against Defendants Village of Belgium and Gibaldy.  These Defendants, however, were clearly on notice that Plaintiff was asserting an abuse of police authority claim and a failure, on the part of the Village of Belgium and Mr. Gibaldy, to address this abuse of authority.  Hence, the clarification that the claims against the Chief of Police and Village of Belgium are claims of discrimination, premised upon 42 U.S.C § 1983, can come as no surprise.  Further, the more explicit claims against Defendants Village of Belgium and Mr. Gibaldy directly arise from and relate back to the transaction and occurrences detailed in Plaintiff's March 14, 2008 Complaint.  For these reasons, this Honorable Court should grant Plaintiff leave

to amend her March 14, 2008 Complaint, to more explicitly state the basis of her claims against Defendants Village of Belgium and Gibaldy, because it is both within the Court's authority and would clearly serve the interest of justice.

## II.     STATEMENT OF FACTS

As the court is aware, the Plaintiff in this action is a female who was formerly employed at a business named Playpen International Incorporated ("the Playpen") located in the Village of Belgium.  Defendant Lewis was a police officer of the Village of Belgium and Defendant Gibaldy was the police chief of the Village of Belgium, and as such was responsible for the retention, training and supervision of Defendant Lewis.

Prior to March 17, 2006, Defendant Lewis, on duty and in his Village of Belgium police uniform, frequently entered the Playpen to sexually harass Plaintiff, and other employees therein.  In response, Scott Corrie, the operator of the Playpen,  as well as other employees of the Playpen, complained to Defendant Gibaldy regarding Officer Lewis' inappropriate and, at times, criminal behavior.  Upon information and belief, Defendant Gibaldy, acting on behalf of the Village of Belgium, made no effort to investigate, train, discipline or dismiss Defendant Lewis in response to these complaints.

On March 17, 2006, at approximately 3:10 a.m., Plaintiff, alone in her motor vehicle, was driving westbound on Lyons Road toward her home in Homer, Illinois. Prior to reaching her home, however, she was stopped by Defendant Lewis, who was in his Village of Belgium police uniform and operating a Village of Belgium police car and effectuated the police stop by activating his emergency lights.  Defendant Lewis offered no legal justification for the police stop.  Instead, Defendant Lewis proceeded to committed sexual assault and battery upon the Plaintiff by placing his hands upon the

Plaintiff's genital area and forcibly kissing her. The Plaintiff only escaped further sexual assault by fleeing the officer in her vehicle. In addition, after Defendant Lewis' sexual assault of Plaintiff, Defendant Lewis repeatedly sexually harassed Plaintiff, using the means provided to him through his employment with the Village of Belgium police department.

Plaintiff and others associated with the Playpen continued to complain to Defendant Gibaldy regarding Defendant Lewis' official misconduct through April 2007. Upon information and belief, Defendant Gibaldy, acting on behalf of the Village of Belgium, made no effort to investigate, train, discipline or dismiss Defendant Lewis in response to these complaints. Unfortunately, it took the criminal prosecution and conviction of Defendant Lewis in October 2007 on charges of official misconduct to eventually sever Defendant Lewis from his employment with the Village of Belgium.

On March 14, 2008 (which was within two years of Defendant Lewis' sexual assault against the Plaintiff on March 17, 2006), Plaintiff, by and through counsel, filed a complaint against Defendant Lewis, Gibaldy and the Village of Belgium. This Complaint asserted a 42 U.S.C., Section 1983, claim against Defendant Lewis. In addition, while not stated in these words, Plaintiff also asserted claims against Defendants Gibaldy and Village of Belgium for their apparent policy, and/or custom, of failing to investigate, train, discipline or dismiss Defendant Lewis who had a known propensity for abusing his authority. Plaintiff, admittedly, characterized these assertions contained in Counts II and III of Plaintiff's Complaint as ones of negligent supervision and retention, despite their clear implication that the liability of Defendants Gibaldy and the Village of Belgium was broader than the heading suggested.

### III.     ARGUMENT

**A.     DEFENDANTS GIBALDY AND VILLAGE OF BELGIUM'S MOTION TO DISMISS ALL CLAIMS BASED UPON THE ILLINOIS TORT IMMUNITY ACT MUST FAIL BECAUSE THAT ACT DOES NOT GOVERN CLAIMS ASSERTED PURSUANT TO 42 U.S.C. SECTION 1983**

> *1.   While not titled as such, Plaintiff's Complaint plead  claims actionable under 42 U.S.C., Section 1983, against Defendants Gibaldy and Village of Belgium*

Federal Rule of Civil Procedure 8 requires the Plaintiff to include in her Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2).  Interpreting this standard, the U.S. Supreme Court has held that "Notice pleading requires only that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974; 167 L.Ed.2d 929 (2007); *accord Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).  In addition, the U.S. Supreme Court has been explicit that "the claimant need not set out in detail the facts upon which he bases his claim." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Finally, Federal Rule 8 notes that "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8 (e).

In the instant case, Plaintiff filed a Complaint on March 14, 2008, which broadly asserted that Defendants had failed to take appropriate measure to stem or stop a rogue police officer who was operating under the color of authority granted by the Village of Belgium. Plaintiff, while failing to address the statutory basis of its claim against Defendants Gibaldy and Village of Belgium, clearly plead "enough facts to state a claim that is plausible on its face." In particular, Plaintiff specifically asserted the following facts relevant to a 42 U.S.C., Section 1983, claim against Defendants Gibaldy and Village of Belgium:

1. Defendant Lewis violated the Plaintiff's constitutional rights, pursuant to 42 U.S.C., Section 1983 (Plaintiff's Complaint, Count I);

2. In particular, Defendant Lewis violated the Plaintiff's constitutional rights through his sexual assault of the Plaintiffs and through a course of harassment occurring both before and after the sexual assault, while acting under the color of governmental authority (Plaintiff's Complaint, ¶ 4-11, 16, 20);

3. Defendant Lewis was employed as a police officer, and acted under the color of authority, granted to him by the Village of Belgium (see Plaintiff's Complaint, ¶¶ 4-5);

4. Defendants Gibaldy and the Village of Belgium did not take "corrective action" to prevent Defendant Lewis from abusing his authority after they were advised of Defendant Lewis' abuse of authority (Plaintiff's Complaint, Count II, ¶ 24);

5. Defendants Gibaldy and the Village of Belgium did not terminate Defendant Lewis' employment after they were advised of Defendant Lewis' abuse of authority (Plaintiff's Complaint, Count III, ¶ 24).

Hence, while Counts II and III do not neatly summarize Plaintiff's *legal arguments* against Defendants Gibaldy and the Village of Belgium, they do state: a) that Defendant Lewis' actions constituted a constitutional violation and b) that the remaining defendants acted wrongfully in failing to remedy or end the abuse. In particular, Plaintiff asserted that Defendants Gibaldy and the Village of Belgium did nothing to remedy the abuse of authority after Defendant Gibaldy had received actual notification of Defendant Lewis' conduct.

Crucially, the U.S. 7th Circuit Court of Appeals has held that, in relationship to 42 U.S.C., Section 1983 "A custom of a municipality may be established by proof of knowledge and acquiescence."    *Fletcher v. O'Donnell,* 867 F.2d 791, 793-794 (7th Cir. 1989). *See also Goutos v. Village of Summit*, Not Reported in F.Supp. (N.D.Ill.,1995) (available at 1995 WL 794569) (wherein the *Goutos* Court found that a broad reading of

Plaintiff's allegations was appropriate, to support a Section 1983 claim against a municipality). In the instant case, Plaintiff asserted actual knowledge the Defendants Gibaldy and Village of Belgium of Defendant Lewis' prior abuse of authority and their failure to correct these abuses. Hence, this Court should follow *Fletcher* and view Plaintiff's allegations against Defendants Gibaldy and Village of Belgium (asserting both knowledge and acquiescence) as sufficient to state a claim for a discriminatory policy and/or custom against Defendants Gibaldy and Village of Belgium.

In summary, in making these assertions the Plaintiff has plead "enough facts to state a claim that is plausible on its face" and has asserted specific demands for relief, based upon these claims. Hence, while Plaintiff's Complaint is imperfectly stated, justice requires this Court to construe Plaintiff's March 14, 2008 Complaint as asserting actionable claims under 42 U.S.C., Section 1983, against Defendants Gibaldy and the Village of Belgium.

2. *Defendants Gibaldy and Village of Belgium's Motion to Dismiss must fail because the Illinois Tort Immunity Act does not govern claims asserted under 42 U.S.C., Section 1983*

The U.S. Seventh Circuit Court of Appeals has held that:

A two-year statute of limitations generally applies to personal injury actions in Illinois, 735 Ill. Comp. Stat. 5/13-202; thus § 1983 claims in Illinois are also governed by a two-year limitations period.

*Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (*citing Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir 2004)). Furthermore, the *Williams* Court found that the Illinois Tort Immunity Act did not shorten the statute of limitations for § 1983 claims, as follows: "the two-year period still applies to § 1983 claims…." *Id*. In light of *Williams*, it is clear that

Plaintiff's Complaint, **which specifically included claims for 42 U.S.C., Section 1983 violations**, was timely filed.[1]

**B.     WHILE PLAINTIFF MAINTAINS THAT SHE ADEQUATELY PLED CLAIMS ACTIONABLE UNDER 42 U.S.C., SECTION 1983, AGAINST DEFENDANTS GIBALDY AND VILLAGE OF BELGIUM, PLAINTIFF SEEKS LEAVE TO AMEND HER COMPLAINT TO AFFIRMATIVELY STATE 42 U.S.C., SECTION 1983, AS THE LEGAL BASIS OF SAID CLAIMS**

> *1.   Should this Honorable Court find that Plaintiff's March 14, 2008 Complaint fails to adequately state claims under 42 U.S.C., Section 1983, against Defendants Gibaldy and Village of Belgium, it should grant Plaintiff leave to amend because the transaction and occurrence asserted plainly "relates back" to the timely claims asserted against Defendant Lewis*

Federal Rule of Civil Procedure 15(c)(2) provides that an amended complaint will "relate back" to the date of the original complaint so long as the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Fed. R. Civ. P. 15(c)(2). The 7th Circuit has held that relation back is permitted when "an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bailors v. Prudential Ins. Co. of Amer.*, 93 F.3d 372, 379 (7th Cir.1996). Significantly, the relation back doctrine has been applied when new claims, filed after the statute of limitations, change the legal theory on which the plaintiff seeks relief, but stem from the same occurrence as the original complaint. *See Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 884 (7th Cir.1993).

---

[1]     Plaintiff's March 14, 2008 Complaint was filed within two years of Defendant Lewis' March 17, 2006 sexual assault on the Plaintiff. Moreover, Defendant Lewis' sexual harassment of Plaintiff continued for several months after the March 17, 2006 assault. Hence, it is abundantly clear that Plaintiff's assertions of constitutional violation against the three Defendants were timely filed within two years of the violations.

In anticipation of the Defendants' Response, it is significant to note that *Williams,*
*supra*, did <u>not</u> hold that a § 1983 claim filed jointly with a state court tort action is
governed by the state court tort action's statute of limitations (as was suggested by the
Defendants in their Brief). *See Memorandum of Law in Support of Defendants Dale*
*Gibaldy and the Village of Belgium Motion to Dismiss Plaintiff's Complaint*, p. 3.
Instead, the *Williams* Court held, quite firmly, that the state statute of limitation was
applicable to the state cause of action <u>only</u>. *Williams*, 399 F.3d at 870. While the
*Williams* Court did affirm the dismissal of a § 1983 claim, that Court's rationale was that
the entire action was not timely filed, hence, the amendment could not "relate back" to
any timely asserted factual allegation. *Id*. The instant action, however, is plainly
distinguishable from *Williams*, in that the Plaintiff timely asserted the transaction and
occurrence in her March 14, 2008 Complaint. It cannot be disputed that Plaintiff's
Complaint timely asserted constitutional deprivation claims, pursuant to § 1983, against
Defendant Lewis. Hence, unlike *Williams*, there exists a timely filed action to which the
amendment may "relate back." Furthermore, as detailed above, the allegations asserted
against Defendants Gibaldy and Village of Belgium, themselves, provided adequate
notice of the constitutional claims which the Plaintiffs now seek leave to clarify.

Thus, this Court should grant Plaintiff leave to clarify her complaint to explicitly
state the implied constitutional deprivation claim, under § 1983, against Defendants
Gibaldy and Village of Belgium, because the clarified claims satisfy Rule 8, in that they
"relate back" to the timely filed March 14, 2008 Complaint's transaction and occurrence
and because these Defendants can claim no prejudice, as they have been on notice of
these claims for months.

For the reasons asserted above, Plaintiff Danielle N. Perry prays this Honorable Court deny Defendants Dale Gibaldy and Village of Belgium's Motion to Dismiss and grant Plaintiff's Motion for Leave to Amend to clarify the implicit constitutional claim asserted against these Defendants originally asserted by Plaintiff in her March 14, 2008 Complaint.

DANIELLE N. PERRY, Plaintiff, by her
attorneys, PHEBUS & KOESTER

By:    s/Joseph W. Phebus
          JOSEPH W. PHEBUS
          PHEBUS & KOESTER
          136 West Main Street
          Urbana, Illinois  61801
          (217) 337-1400
          *jwphebus@phebuslaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James C. Kearns
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois 61803-0129
Telephone:  (217) 344-0060
Fax:  (217) 344-9295
E-mail:  *jkearns@hrva.com*
*Counsel for Defendants Gibaldy and Village of Belgium*

Brian M. Smith
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois 61803-0129
Telephone:  (217) 344-0060
Fax:  (217) 344-9295

E-mail:  *bsmith@hrva.com*
*Counsel for Defendants Gibaldy and Village of Belgium*

James D. Spiros
Spiros & Wall
2807 North Vermilion Street, Suite 3
Danville, Illinois 61832
Telephone:  (217) 443-4343
Fax:  (217) 443-4545
E-mail:  *jspiros@spiroswall.com*
*Co-counsel for plaintiff*

Karen E. Wall
Spiros & Wall
2807 North Vermilion Street, Suite 3
Danville, Illinois 61832
Telephone:  (217) 443-4343
Fax:  (217) 443-4545
E-mail:  *kwall@spiroswall.com*
*Co-counsel for plaintiff*

s/     J.W. PHEBUS
J. W. PHEBUS
Attorney for Plaintiff
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
Telephone:  (217) 337-1400
Fax:  (217) 337-1607
*jwphebus@phebuslaw.com*

*f:\docs\joe\belgium\Perry v. Lewis - Memo of Law in Op to Mo to Dissmiss and for Leave to Amend*