05483-R8525
BMS/dkl
G:\25\R8525\R8525PMI 001

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DANIELLE N. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 08-cv-2070 |
| | ) | |
| DAVID LEWIS, DALE GIBALDY, and | ) | |
| THE VILLAGE OF BELGIUM, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT**

NOW COME the Defendants, DALE GIBALDY and THE VILLAGE OF BELGIUM, a municipal corporation, by JAMES C. KEARNS of HEYL, ROYSTER, VOELKER & ALLEN, their attorneys, and respectfully submit this Response to Plaintiff's, DANIELLE N. PERRY, Motion for Leave to Amend Complaint, and in support thereof, state as follows:

**I.   INTRODUCTION**

On March 14, 2008, Plaintiff, Danielle N. Perry, filed her Complaint against David Lewis, Dale Gibaldy, and the Village of Belgium. Count I of the Complaint alleges that David Lewis violated Plaintiff's Fourth and Fifth Amendment rights and is brought pursuant to 42 U.S.C. § 1983 (Compl. Count I, ¶ ¶ 1 - 23). Counts II and III, negligent supervision and negligent retention, are directed against Defendant Dale Gibaldy and the Village of Belgium. Plaintiff specifically states that the claims against Dale Gibaldy and the Village of Belgium are

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

state law claims for which supplemental jurisdiction has been asserted pursuant to 28 U.S.C. § 1367. (Compl., ¶ 2).

On June 20, 2008, Defendants Dale Gibaldy and the Village of Belgium filed a Motion to Dismiss Plaintiff's Complaint as the state law claims filed against them are time barred, and therefore dismissal with prejudice is warranted. On July 7, 2008, Plaintiff's response to the Motion to Dismiss filed by Dale Gibaldy and the Village of Belgium was due. Instead of filing a response or otherwise opposing Defendants' Motion to Dismiss, Plaintiff sought leave to file an Amended Complaint. Then, on July 8, 2008, Plaintiff filed a "Memorandum of Law in Opposition of Defendants Gibaldy and Village of Belgium's Motion to Dismiss and in Support of Plaintiff's Motion for Leave to Amend her March 14, 2008, Complaint." This July 8 Memorandum of Law has been broken into two sections, the first of which appears to be a response to Defendants' Motion to Dismiss, and the second having been filed in support of the Motion for Leave to Amend filed the previous day.

The first section of Plaintiff's Memorandum of Law comes as a surprise, as the day before a Motion for Leave to Amend was filed which led to the reasonable belief that Dale Gibaldy and the Village of Belgium's Motion to Dismiss Counts II and III of the Complaint had been confessed. *See* Central District of Illinois Local Rule 7.1(B)(2). To the extent that the first section of Plaintiff's Memorandum of Law filed on July 8 is considered a response to Defendants' Motion to Dismiss, Defendants are cognizant that under the local rules no reply to a response is permitted. That said, Plaintiff's Motion for Leave to Amend her Complaint must be denied, as the original Complaint on file against Defendants Dale Gibaldy and the Village of Belgium is time barred and the statute of limitations for Plaintiff to assert Section 1983 claims against these Defendants has run.

HeylRoyster
Voelker
&Allen

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

II.  **ARGUMENT**

A.  **Plaintiff's proposed amended complaint against Defendants Dale Gibaldy and the Village of Belgium does not relate back to the original complaint and therefore the newly asserted causes of action are time barred and leave to amend should be denied.**

"If an original complaint against Illinois local governmental defendants is not filed within one year of the injury and does not claim a constitutional violation, we will not deem a later § 1983 claim timely merely because it rests on the same factual allegations included in the original complaint." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citation omitted).  Federal Rule of Civil Procedure 15(c) "provides that an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of limitations where 'the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (quoting Federal Rule of Civil Procedure 15(c)(2)).  "However, in order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed." *Id.*

In *Williams v. Lampe*, Plaintiff filed a complaint in state court on September 22, 2000, alleging state law claims for injuries allegedly inflicted by a police officer on September 25, 1998.  *Williams*, 399 F.3d at 869.  In July of 2003, the defendants filed a motion to dismiss on the grounds the claims were barred by the one year statute of limitations found in the Tort Immunity Act.  *Id.*  On July 29, 2003, the Plaintiff filed an amended complaint based on the same events, but for the first time brought her claims under 42 U.S.C. § 1983 alleging violations of her constitutional rights.  *Id.*  The defendants removed to federal court and filed a motion to dismiss on the grounds that the statute of limitations had run.  *Id.*  The District Court granted the motion and the Seventh Circuit affirmed.  *Id.*

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

There was no question that *Williams*' original complaint was not filed within one year of her injury and therefore, her state law claims were time barred when they were first brought. *Id.* at 870. Plaintiff's § 1983 claims were filed in 2003, well beyond the two year statute of limitations for such actions, and therefore would only be timely if Rule 15(c)'s relation back doctrine applied. *Id.* at 869-70. "As the original complaint was not timely, it cannot 'act as a lifeline for a later complaint, filed after the two-year statute of limitations for the claims which it contained.'" *Id.* at 870 (quoting *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001). "Thus, even though Williams' § 1983 claims arises from the same incident as her tort claims, and even though her original complaint was filed within two years of that incident, her § 1983 was time-barred because the tort claims were not timely filed." *Id.*

In this case, the alleged occurrence giving rise to Plaintiff's claims occurred on March 17, 2006. (Compl., ¶ 16). Based on this date of injury, the applicable dates for the running of the statute of limitations are March 17, 2007 for state law claims and March 17, 2008 for § 1983 claims. Plaintiff's complaint was filed on March 14, 2008. Thus, as discussed in Defendants' Motion to Dismiss, Plaintiff's state law claims, Counts II and III, directed against Dale Gibaldy and the Village of Belgium are time barred. Moreover, were Ms. Perry to file today a new lawsuit against Chief Gibaldy or the Village of Belgium asserting § 1983 claims for violations of her constitutional rights it too would be time barred as the complaint would be four months late. Thus, the only possible way for Plaintiff to assert § 1983 claims against Chief Gibaldy or the Village of Belgium is to have her proposed amended complaint relate back to her March 14, 2008 pleading.

The facts of this case are similar to those in *Williams*. Ms. Perry has filed time barred state claims against Dale Gibaldy and the Village of Belgium and now seeks to have her

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

proposed amended complaint, asserting § 1983 claims, relate back to her original complaint. As in *Williams*, Ms. Perry's original complaint was a nullity as to Defendants Dale Gibaldy and the Village of Belgium due to the fact that it was filed after the applicable statute of limitations. *See Williams*, 399 F.3d at 870; *Henderson*, 253 F.3d at 932. As in *Williams*, no constitutional violations were alleged against Chief Gibaldy or the Village of Belgium in Plaintiff's original Complaint.[1] As Plaintiff's original Complaint against these Defendants was not timely, it cannot "act as a lifeline for a later complaint, filed after the two year statute of limitations for the claims which it contained." *Henderson*, 253 F.3d at 932. Since, the proposed amended complaint would not relate back to the original and the two year statute of limitations for asserting § 1983 claims has now run, Plaintiff's Motion for Leave to Amend her Complaint should be denied.

WHEREFORE, the Defendants, DALE GIBALDY and THE VILLAGE OF BELGIUM, a municipal corporation, prays that this Court deny Plaintiff's Motion for Leave to Amend Complaint of the Plaintiff, Danielle N. Perry.

DALE GIBALDY and THE VILLAGE OF BELGIUM, a municipal corporation, Defendants

 s/ James C. Kearns
Attorney for Defendants
    Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: jkearns@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

---

[1] There is no question that the Plaintiff knew how to assert a claim under § 1983 as evidenced by Count I against David Lewis; she simply chose not to do so.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Joseph W. Phebus
Ms. Elizabeth Holder
Phebus & Koester
136 W. Main St.
Urbana, IL 61801-2797

Mr. James D. Spiros
Ms. Karen Wall
Spiros & Wall, P.C.
Suite 3
2807 North Vermilion Street
Danville, IL  61832

                                                 s/ James C. Kearns
                                                 Attorney for Defendants
                                                 Heyl, Royster, Voelker & Allen
                                                 Suite 300, 102 E. Main Street
                                                 P.O. Box 129
                                                 Urbana, IL 61803-0129
                                                 217-344-0060 Phone
                                                 217-344-9295 Fax
                                                 E-mail: jkearns@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060