**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| **DANIELLE PERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 08-2070 |
| **DAVID LEWIS, et al.,** | ) |
| | ) |
| **Defendants** | ) |

# REPORT AND RECOMMENDATION

In March 2008, Plaintiff Danielle Perry filed a Complaint (#1) against Defendants David Lewis, Dale Ghibaudy[1], and the Village of Belgium. Federal jurisdiction is based on federal question because one of the claims alleges a violation of constitutional rights pursuant to Section 1983 (42 U.S.C. § 1983).

In June 2008, Defendants Ghibaudy and the Village of Belgium filed a Motion To Dismiss Plaintiff's Complaint (#7). In July 2008, Plaintiff filed a Memorandum of Law in Opposition To Defendants Gibaldy [sic] and Village of Belgium's Motion To Dismiss (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiff's Complaint **(#7)** be **GRANTED**.

### I. Background
### A. Procedural Background

After Defendants filed their motion to dismiss, Plaintiff filed a Motion For Leave To Amend Complaint (#12), a Petition for Leave To Join (#13), and a Memorandum of Law in Opposition to Defendants Gibaldy [sic] and Village of Belgium's Motion To Dismiss and in Support of Plaintiff's Motion for Leave To Amend her March 14, 2008 Complaint (#14). The

---

[1]The Court notes that Defendants have stated in a later-filed document that Defendant Ghibaudy was incorrectly designated Dale Gibaldy in earlier filings. *See* #18, p. 1.

Court has not yet ruled on the motion for leave to amend or the petition to join. This Report and Recommendation addresses Defendants' motion to dismiss the original complaint.

### B. Factual Background

The following background is taken from the complaint. At relevant times, Plaintiff worked at The Playpen in the Village of Belgium. Defendant Lewis was a police officer for the Village of Belgium for about two and a half years, including the times relevant to the complaint. Defendant Ghibaudy was the police chief for the Village of Belgium.

At relevant times prior to March 17, 2006, Defendant Lewis came to The Playpen several times while on duty. On these occasions, Lewis often showed Plaintiff and other female employees of The Playpen unsolicited displays of nude pictures of himself. He also exposed his genitalia. Plaintiff and other employees complained about Lewis' conduct to Scott Corrie, the operator of The Playpen, and Mr. Corrie reported the complaints to Defendant Ghibaudy and the Village.

On March 17, 2006, at about 3:10 a.m., Plaintiff was driving toward her home when Defendant Lewis stopped her without any legal justification. At the time, Lewis was in uniform and he was driving a police car. After stopping Plaintiff, Lewis sexually assaulted and battered Plaintiff. Plaintiff eventually escaped from Lewis and drove away to find help. After this event, Plaintiff received several harassing telephone calls either from Lewis or from others at his direction.

Plaintiff's complaint alleges three counts, as follows: In Count I, against Defendant Lewis, Plaintiff alleges that Lewis's conduct violated Plaintiff's constitutional rights under the Fourth and Fifth Amendments. In Count II, against Defendant Ghibaudy and the Village of Belgium, Plaintiff alleges negligent supervision. In Count III, against Defendant Ghibaudy and the Village of Belgium, Plaintiff alleges negligent retention. The negligence claims against Defendant Ghibaudy and the Village are based on their failure to take corrective action or to adequately supervise Lewis for his frequent visits to The Playpen while on duty, his unsolicited

sexually-illicit comments to female employees of The Playpen, his unsolicited display of nude pictures of himself to female employees, his unsolicited exposure of his genitalia to Plaintiff and other female employees, and his frequent entry into the female employees' dressing room. As a result of Defendants' failure to supervise or correct the above conduct, Plaintiff alleges that Lewis's improper conduct continued and escalated to the point that he sexually assaulted and battered Plaintiff on March 17, 2006.

## II. Standard of Review

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

## III. Analysis

Defendants argue that the Court should dismiss Counts II and III against Defendants Ghibaudy and the Village of Belgium because the one-year statute of limitations established in Section 8-101(a) of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8-101(a)) bars the claims. Section 8-101(a) provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year from the date that the injury was received or the

cause of action accrued." 745 ILCS 10/8-101(a).  Here, Plaintiff alleged that Defendant Lewis committed the acts at issue before March 17, 2006, when he sexually assaulted and battered Plaintiff.  Plaintiff filed her complaint on March 14, 2008.  Thus, Defendants contend that the statute of limitations bars the claims alleged against Ghibaudy and the Village of Belgium.

Plaintiff responds that the claims in the original complaint are actually constitutional claims brought pursuant to Section 1983 which has a two-year statute of limitations.

The Court acknowledges that a plaintiff is not required to identify a legal theory to avoid dismissal for failure to state a claim.  *See Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003).  However, when a plaintiff expresses her legal theory in clear language and that theory is inconsistent with a theory of liability raised later in response to motion to dismiss based on the statute of limitations, the Court must determine what claim the plaintiff actually alleged in her original complaint.

The Court has reviewed Counts II and III and concludes that Plaintiff has alleged state law tort claims in those counts, not constitutional claims pursuant to Section 1983.  We base this conclusion on Plaintiff's express references to negligence and the doctrine of *respondeat superior*, terms that clearly indicate that Plaintiff was asserting claims based on state law negligence theories.

The Court does not require magic words to state a constitutional claim, nor do we require Plaintiff to refer to Section 1983 in order to state a constitutional claim.  However, in this case, it is not just the absence of such language that leads the Court to its conclusion.  Here, Plaintiff expressly refers to negligence and *respondeat superior* as grounds for liability – grounds that are inconsistent with liability under Section 1983.  *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (stating that Section 1983 does not allow actions against individuals based on the

doctrine of *respondeat superior*); *Partee v. Metro. Sch. Dist. of Washington Twp.*, 954 F.2d 454, 456 (7th Cir. 1992) ("A local government cannot be held liable for its employees' acts under § 1983 on a theory of *respondeat superior*.").

Because Plaintiff has alleged state tort claims in Counts II and III, the one-year statute of limitations established in the Illinois Tort Immunity Act applies to the claims. Here, Plaintiff's claims against Ghibaudy and the Village are based on conduct that occurred well before March 2007. Accordingly, the Court recommends dismissing the claims against Defendants Ghibaudy and the Village of Belgium.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss Plaintiff's Complaint **(#7)** be **GRANTED** as to any claims against Ghibaudy and the Village. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 18th day of August, 2008.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE