**E-FILED**
Friday, 29 August, 2008  01:22:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DANIELLE N. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No. 08-CV-2070 |
| DAVID LEWIS, DALE GIBALDY, and | ) | |
| THE VILLAGE OF BELGIUM, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTION
TO MAGISTRATE JUDGE BERNTHAL'S RECOMMENDATION
TO GRANT DEFENDANTS GHIBAUDY AND
VILLAGE OF BELGIUM'S MOTION TO DISMISS**

Plaintiff, Danielle N. Perry, by and through counsel, objects to the Report and

Recommendation, filed by Magistrate Judge David G. Bernthal on August 18, 2008,

pursuant to 28 U.S.C. § 636(b)(1)(C) (#20).    In particular, Plaintiff objects to the

Magistrate Judge's recommendation that this Honorable Court should grant Defendants

Ghibaudy and the Village of Belgium's Motion to Dismiss(#7), because the crux of the

recommendation is not grounded in legal precedent and is wholly inconsistent with the

Federal Rules and long-standing precedent.

Magistrate Judge Bernthal's Report and Recommendation does not offer any

recommendation regarding Plaintiff's Motion for Leave to Amend her Complaint.

Through the proposed amendment, the Plaintiff sought to specifically state the legal

theory of Section 1983 even though as discussed hereinafter this is not required by the

Federal Rules of Civil Procedure.  In addition, by the amendment the Plaintiff sought to

expand her explanation of the facts even though once again this is not required by the

1

Federal Rules of Civil Procedure. Accordingly, Magistrate Judge Bernthal should have first addressed the then and still pending motion for leave to amend. This Motion is specifically addressed and supported within Plaintiff's Memorandum of Law (#14), Argument B and the propriety of allowing the motion is implicit in the law discussed hereinafter. While Plaintiff's original complaint asserted a grievance against Defendants Ghibaudy and the Village of Belgium based on a violation of her constitutional rights, Plaintiff concomitantly urges this Court to grant Plaintiff's Motion to Amend her Complaint to make these constitutional claims clearer.

In his Report and Recommendation, Magistrate Judge Bernthal recommended the dismissal of Plaintiff's original claims against Defendants Ghibaudy and the Village of Belgium based upon his assumption that one set of facts cannot yield more than one cause of action. That is, Magistrate Judge Bernthal asserted, in his Report and Recommendation, that because Plaintiff asserted an allegation of *respondeat superior* against the Village of Belgium in Plaintiff's original Complaint (#1), she was precluded from also asserting a Section 1983 claims against Defendants Ghibaudy and the Village of Belgium, because in the Magistrate Judge's view the two claims were "inconsistent." See Report and Recommendation (#20), p. 4-5. In other words, Magistrate Judge Bernthal took the position that facts asserted in Plaintiff's original Complaint could not assert "inconsistent" theories of recovery against these Defendants. *Id*. This position, however, is not the law and, because it is not the law, it cannot support this Court's dismissal of Plaintiff's vital and timely constitutional claims against Defendants Ghibaudy and the Village of Belgium.

The Federal Rules of Civil Procedure, and ample federal precedent, have made it

2

exquisitely clear that "inconstancy" in a pleading is not grounds for the dismissal of

plaintiff's claim.  One needs look no further than Federal Rule of Civil Procedure, Rule 8,

for proof of this fact; which states in pertinent part:

> (2) Alternative Statements of a Claim or Defense. *A party may set out 2 or more statements of a claim* or defense alternatively or hypothetically, either *in a single count* or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) Inconsistent Claims or Defenses**.** *A party may state as many separate claims or defenses as it has, regardless of consistency.*

Fed. R. Civ. P. 8 (d) (emphasis added).    Furthermore, Federal Courts, and the U.S.

Seventh Circuit Court of Appeals in particular, have been clear that plaintiffs possess the

right to plead inconsistent facts and that those inconsistencies cannot for the basis of

dismissal.  In *Albiero v. City of Kankakee,* 122 F.3d 417 (7th Cir 1997), the Seventh

Circuit specifically held:

> [It is a misconception that] a complaint must set out, and that its validity depends on, a legal theory, such as "due process" or "equal protection." That is not so: matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure.

*Albiero,* 122 F.3d at 419 (citing *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073,

1077-78 (7th Cir.1992)).  Furthermore, the *Albiero* Court critically held:

> A complaint must narrate a claim, which means **a grievance** such as "the City violated my rights by preventing me from renovating my apartments." Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint. The other misconception is that a complaint must allege all of the facts essential to recovery under the plaintiff's legal theory. Some states, including Illinois, use fact pleading to this day, but federal courts took a different path 59 years ago. A complaint may not be dismissed unless it is impossible to prevail "under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69,

73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also, e.g., Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986). That is why we have held that a plaintiff may supplement the complaint with factual narration in [a] brief. *E.g., Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 914-15 (7th Cir.1985). If the extra assertions make out a claim, then the complaint stands. Plaintiffs' memorandum opposing defendants' motion to dismiss contained assertions that led the judge to spot a potential equal protection theory. Given *Conley* and its successors, the judge should have accepted those statements and moved forward; dismissing the complaint with leave to replead extra facts was inconsistent with the federal rules….

*Albiero,* 122 F.3d at 419 (emphasis added).  Hence, the *Albiero* Court held, in no uncertain terms, that multiple claims may arise from a single set of asserted facts and that the plaintiff may, in fact, alter his/her theory of recovery without the necessity of amending the original Complaint:  It is the "grievance" not the theory, nor even the asserted facts, that must be the focus of the Court.  *See also Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir 2000) (which liberally quotes, and affirms, the holding of *Albiero*).

In addition, other Federal Courts have recognized a plaintiff's right to plead inconsistent facts and theories of liability.  In *Dugan v. Bell Telephone of Pennsylvania*, 876 F. Supp. 713 (W.D. PA 1994), the U.S. District Court, W.D. Pennsylvania, held:

[P]laintiffs have the right to plead inconsistent theories of relief in federal court. Fed.R.Civ.P. 8(e)(2) [now contained in Fed. R. Civ. P. 8 (d)] states:

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *A party may also state as many separate claims or defenses as the party has regardless of consistency ....*

4

This rule clearly allows parties to present as many separate and alternative claims as they have, regardless of their consistency.

*Dugan*, 876 F. Supp. at 722 (emphasis in original).  Similarly, in *Henry v. Daytop Village, Inc*., 42 F.3d 89 (2d Cir. 1994), the U.S. Court of Appeals for the Second Circuit, held:

> Under Rule 8(e)(2) of the Federal Rules of Civil Procedure [now contained in Fed. R. Civ. P. 8 (d)], a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency.  *Riverwoods Chappaqua Corp. v. Marine Midland Bank*, 30 F.3d 339, 343 (2d Cir.1994) ("[A] party may properly submit a case on alternative theories."). "The inconsistency may lie either in the statement of the facts or in the legal theories adopted...." 2A James W. Moore & Jo D. Lucas, Moore's Federal Practice ¶ 8.32, at 8-214 to 8-215 (2d ed. 1994). The current federal rules are designed to afford greater flexibility than their predecessors:
>
>> Common law and code practice condemned inconsistency in pleadings because it was believed that a pleading containing inconsistent allegations indicated falsehood on its face and was a sign of a chicanerous litigant seeking to subvert the judicial process. All too frequently, however, valid claims were sacrificed on the altar of technical consistency. In order to avoid the constrictions of the early practice, the draftsmen of the federal rules sought to liberate pleaders from the inhibiting requirement of technical consistency.
>
> 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1283, at 533 (2d ed. 1990). The flexibility afforded by Rule 8(e)(2) is especially appropriate in civil rights cases, in which complex inquiries into the parties' intent may sometimes justify raising multiple, inconsistent claims. *See, e.g., MacFarlane v. Grasso,* 696 F.2d 217, 224-25 (2d Cir.1982) (holding that § 1983 plaintiff conceded existence of disputed agency policy only to the extent that he challenged the constitutionality of that policy, but not for purposes of other claims); *Wright v. Olin Corp.,* 697 F.2d 1172, 1184 (4th Cir.1982) ("[I]t is often appropriate to assess particular Title VII claims and defenses alternatively under different theories.").

*Henry*, 42 F.3d at 95 (footnote omitted).  Hence, it is clear that consistency in pleading is no longer a touchstone in United States federal jurisprudence.  Furthermore, it is clear

that plaintiffs may permissibly assert facts and/or theories of recovery that are inconsistent and may in fact even change theories of recovery if an alternate theory is also consistent with the "grievance" asserted by Plaintiff. Given this statutory authority, persuasive authority and, indeed, binding precedent, it is crystal clear that Magistrate Judge Bernthal's Report and Recommendation is fatally flawed and must not be followed by this Court.

Magistrate Judge Bernthal placed enormous weight upon the "inconsistency" that he saw within Plaintiff's Complaint. In particular, Magistrate Judge Bernthal asserted, without citation to authority, that "when a plaintiff expresses her legal theory in clear language and that theory is *inconsistent* with a theory of liability raised later in response to motion to dismiss based on the statute of limitations, the Court must determine what claim the plaintiff actually alleged in her original complaint." Report and Recommendation, p. 4 (emphasis added). Perceiving this determination to be his duty, Magistrate Judge Bernthal found as follows:

> The Court has reviewed Counts II and III and concludes that Plaintiff has alleged state tort claims in those counts, not constitutional claims pursuant to Section 1983. We base this conclusion on Plaintiff's express reference to negligence and the doctrine of *respondeat superior*… Plaintiff expressly refers to negligence and *respondeat superior* as grounds for liability – *grounds that are inconsistent with liability under Section 1983*.

Report and Recommendation, p. 4 (emphasis added).

As detailed above, however, Magistrate Judge Bernthal insistence upon "consistency" in Plaintiff's Complaint is an out-dated concept, long ago discarded by the federal courts. Fed. R. Civ. P. 8 (d); *Albiero,* 122 F.3d at 419. Instead, as the Seventh Circuit has made clear, this Court primary focus must be upon the "grievance" asserted

6

by Plaintiff. *Albiero,* 122 F.3d at 419. In Plaintiff's Complaint (#1), Plaintiff specifically

asserted the following facts relevant to a 42 U.S.C., Section 1983 claim, against

Defendants Ghibaudy and the Village of Belgium:

1. Defendant Lewis violated the Plaintiff's constitutional rights, pursuant to 42 U.S.C., Section 1983 (Plaintiff's Complaint, Count I);

2. In particular, Defendant Lewis violated the Plaintiff's constitutional rights through his sexual assault of the Plaintiffs and through a course of harassment occurring both before and after the sexual assault, while acting under the color of governmental authority (Plaintiff's Complaint, ¶ 4-11, 16, 20);

3. Defendant Lewis was employed as a police officer, and acted under the color of authority, granted to him by the Village of Belgium (see Plaintiff's Complaint, ¶¶ 4-5);

4. Defendants Ghibaudy and the Village of Belgium did not take "corrective action" to prevent Defendant Lewis from abusing his authority after they were advised of Defendant Lewis' abuse of authority (Plaintiff's Complaint, Count II, ¶ 24);

5. Defendants Ghibaudy and the Village of Belgium did not terminate Defendant Lewis' employment after they were advised of Defendant Lewis' abuse of authority (Plaintiff's Complaint, Count III, ¶ 24).

Hence, while Counts II and III do not use any specific constitutional terminology relative

to her claims against Defendants Ghibaudy and the Village of Belgium, they do state: a)

that Defendant Lewis' actions constituted a constitutional violation and b) that the

Defendants Ghibaudy and the Village of Belgium acted wrongfully in failing to remedy

or end the abuse. In particular, Plaintiff asserted that Defendants Ghibaudy and the

Village of Belgium did nothing to remedy the abuse of authority after Defendant

Ghibaudy had received actual notification of Defendant Lewis' conduct. Because these

factual allegations are included in Plaintiff's Complaint, and this Court possesses an

obligation to view these factual allegations as true, Plaintiff adequately asserted

constitutional claims against Defendants Ghibaudy and the Village of Belgium and said claims must survive Defendants Motion to Dismiss.

The *Albiero* Court acknowledged: "A complaint may not be dismissed unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.'"  *Albiero,* 122 F.3d at 419.  In the instant case, however, the Defendants have not even approached this burden.  This Plaintiff timely filed a Complaint against the Defendants.   This Complaint alleged knowingly wrongful conduct by Defendants Ghibaudy and the Village of Belgium under color of state authority sufficient to sustain a cause of action for Section 1983 relief.  Hence, in the interest of justice, Plaintiff should plainly be afforded an opportunity to prove this case -- regardless of the title of the claimed theory and/or its perceived "inconsistency" with other factual or legal allegations contained in the same pleading.

In summary, under the federal rules and case law construing same, alternative and inconsistent claims may be asserted by a single count as long as the grievance is adequately identified.  Beyond peradventure of doubt, the Complaint asserted a grievance against Defendant Ghibaudy and Defendant Village of Belgium based on violation of constitutional rights.  Magistrate Judge Bernthal erred in his recommendation.

For these reasons, Plaintiff Danielle N. Perry respectfully objects to the Magistrate Judge Bernthal's Report and Recommendation and prays this Honorable Court deny Defendants Ghibaudy's and the Village of Belgium's Motion to Dismiss, given that Plaintiff asserted a timely Complaint against these defendants, which contained allegations sufficient to establish a *prima facie* Section 1983 claim. Further, should the

court feel that more facts would be helpful or necessary, the court should allow the Plaintiff's Motion for Leave to Amend.

Finally, the court should at this time address the pending Petition for Leave to Join of Audrey White and allow said Petition.

DANIELLE N. PERRY, Plaintiff, by her attorneys, PHEBUS & KOESTER

By:    s/Joseph W. Phebus
JOSEPH W. PHEBUS
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois  61801
(217) 337-1400
*jwphebus@phebuslaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James C. Kearns
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois 61803-0129
Telephone:  (217) 344-0060
Fax:  (217) 344-9295
E-mail:  *jkearns@hrva.com*
*Counsel for Defendants Gibaldy and Village of Belgium*

Brian M. Smith
Heyl, Royster, Voelker & Allen
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois 61803-0129
Telephone:  (217) 344-0060
Fax:  (217) 344-9295
E-mail:  *bsmith@hrva.com*
*Counsel for Defendants Gibaldy and Village of Belgium*

Steven L. Blakely
Acton & Snyder, LLP
11 East North Street
Danville, Illinois 61832
Telephone:  (217) 442-0350
Fax:  (217) 442-0335
E-mail:  *sblakely@acton-snyder.com*
*Counsel for Defendant Lewis*

James D. Spiros
Spiros & Wall
2807 North Vermilion Street, Suite 3
Danville, Illinois 61832
Telephone:  (217) 443-4343
Fax:  (217) 443-4545
E-mail:  *jspiros@spiroswall.com*
*Co-counsel for plaintiff*

Karen E. Wall
Spiros & Wall
2807 North Vermilion Street, Suite 3
Danville, Illinois 61832
Telephone:  (217) 443-4343
Fax:  (217) 443-4545
E-mail:  *kwall@spiroswall.com*
*Co-counsel for plaintiff*

s/    J.W. PHEBUS
    J. W. PHEBUS
    Attorney for Plaintiff
    PHEBUS & KOESTER
    136 West Main Street
    Urbana, Illinois 61801
    Telephone:  (217) 337-1400
    Fax:  (217) 337-1607
    *jwphebus@phebuslaw.com*

*f:\docs\joe\belgium\obj recommendation.doc*