### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| **DANIELLE N. PERRY,** | ) | |
|           **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | Case No. 08-2070 |
| **DAVID LEWIS, et al.,** | ) | |
|           **Defendant.** | ) | |

# ORDER

In March 2008, Plaintiff Danielle Perry filed a Complaint (#1) against Defendants David Lewis, Dale Ghibaudy, and the Village of Belgium. Plaintiff's complaint alleges three counts, as follows: In Count I, against Defendant Lewis, Plaintiff alleges that Lewis's conduct violated Plaintiff's constitutional rights under the Fourth and Fifth Amendments. In Count II, against Defendant Ghibaudy and the Village of Belgium, Plaintiff alleges negligent supervision. In Count III, against Defendant Ghibaudy and the Village of Belgium, Plaintiff alleges negligent retention.

In July 2008, Plaintiff filed a Motion for Leave To Amend Complaint (#12) "to specifically assert a claim under 42 U.S.C., Section 1983, against Defendant Ghibaudy and Defendant Village of Belgium." (#12, p. 1.) Plaintiff provided a proposed amended complaint (#12-2), that added an additional Plaintiff, Audrey White, and alleged six counts, as follows: Counts I, II, and III allege that Defendants Lewis, Ghibaudy, and the Village, respectively, violated Ms. Perry's constitutional rights. Counts IV, V, and VI allege that Lewis, Ghibaudy, and the Village, respectively, violated Ms. White's constitutional rights.

In a separate order, the Court denied Ms. White's petition to join as a plaintiff in this case because joinder does not satisfy Federal Rule of Civil Procedure 20(a)(1). Furthermore, in response to a motion to dismiss addressing Plaintiff's original complaint, the Court recommended dismissing the claims in Counts II and III against Defendants Ghibaudy and the Village based on the statute of limitations. (Report and Recommendation, #20.) In doing so, the Court rejected Plaintiff's argument that the claims in her original complaint were actually constitutional claims brought pursuant to Section 1983. Instead, the Court found that Plaintiff's

original complaint had alleged state law tort claims. As a result, the Court recommended granting the motion to dismiss and the district court accepted that recommendation. (Order, #24.)

As Defendants point out, a two-year statute of limitations applies to constitutional claims brought pursuant to Section 1983 and it is too late for Plaintiff to assert such claims against Defendants Ghibaudy and the Village at this time. Accordingly, the Court **DENIES** Plaintiff's Motion for Leave To Amend Complaint **(#12)**.

ENTER this 30th day of September, 2008.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE