E-FILED
Wednesday, 11 August, 2010  08:38:42 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **DANIELLE N. PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.     08-CV-2070** |
| **v.** | ) | |
| | ) | |
| **DAVID LEWIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on the Motions in Limine filed by the parties.  This court has carefully reviewed the arguments of the parties.  Following this careful and thorough review, this court rules as follows: (1) the Motion in Limine (#52) filed by Defendant David Lewis is GRANTED in part and DENIED in part; and (2) the Motion in Limine (#54) filed by Plaintiff Danielle N. Perry is GRANTED in part and DENIED in part.

### I.  STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440.  Therefore, the moving party bears the burden of establishing that the evidence is not admissible for any purpose. Hillard v. City of Chicago, 2010 WL 1664941, at *1 (N.D. Ill. 2010).  Unless this high standard is met, rulings on evidentiary matters must be deferred until trial so that issues of foundation, relevance and prejudice my be resolved in the proper

context.  Hillard, 2010 WL 1664941, at *1; see also Jonasson, 115 F.3d at 440.

## II.  DEFENDANT'S MOTION IN LIMINE

On July 15, 2010, Defendant filed his Motion in Limine (#52).  On July 29, 2010, Plaintiff filed her Response to Defendant Lewis' Motion in Limine (#56).

Defendant first requested an order excluding any facts and opinions or grounds for any facts and opinions held by any expert witness not disclosed by Plaintiff.  Plaintiff did not object to this request and it is GRANTED.

For his second request, Defendant sought an order excluding any evidence or reference regarding his convictions of four counts of attempted official misconduct, a Class A misdemeanor, or regarding any of the other 49 criminal counts that either ended in dismissal or acquittal in People v. Lewis, Vermilion County, Illinois, Case No. 2007 CF 230.  Plaintiff did not object to this request and it is GRANTED.

For his third and fourth requests, Defendant sought an order excluding evidence of "[a]ny acts committed by Lewis that constitute uncharged crimes" and an order excluding evidence of "[a]ny instances in which plaintiff claims Lewis engaged in unwanted touching of another person, whether of a sexual nature or otherwise; any instances in which Lewis directed lewd or boorish language at another person, including but not limited to language of a sexual nature; any instances of Lewis exposing himself to another person; any instances of Lewis showing nude photographs of himself to another person; and any instances of Lewis engaging in sex acts with another person."

Plaintiff has objected to these requests.  Plaintiff argued that Defendant did not adequately specify the evidence he is asking this court to exclude.  Plaintiff also stated that she intends to present testimony that Lewis had a history of preying upon women who worked for or were patrons of the Playpen Gentlemen's Club.  Plaintiff set out a summary of the evidence she intends to present

and argued that this evidence is relevant to show that Defendant "had the motive, opportunity, intent, preparation, plan, and/or knowledge to commit the asserted constitutional deprivation and sexual battery." Plaintiff also argued that the proposed evidence involved actions committed within the three years prior to the incident alleged, while Defendant was a patrolman for the Village of Belgium. Plaintiff therefore argued that the evidence is not too remote in time and should be allowed.

This court agrees with Plaintiff that Defendant has not met his burden to show that the evidence he is seeking to exclude is "inadmissible for any purpose." See Hillard, 2010 WL 1664941, at *3. Accordingly, Defendant's third and fourth requests are DENIED.

## III.  PLAINTIFF'S MOTION IN LIMINE

On July 15, 2010, Plaintiff filed her Motion in Limine (#54). On August 2, 2010, Defendant filed his Objections to Plaintiff's Motion in Limine (#57).

Plaintiff's first request is to bar any reference to Plaintiff's seeking to file a criminal complaint against any patron of the Playpen Gentlemen's Club who acted inappropriately, other than David Lewis. Defendant objects, arguing that Plaintiff did not identify what, if any, criminal complaints she has made against other patrons, nor has she provided any legal basis or reasoning as to why criminal complaints she has made against other patrons should be ruled inadmissible. The court agrees with Defendant as Plaintiff has not stated with specificity what other complaints are out there. Therefore, the court cannot issue a ruling on the admissibility of those hypothetical other complaints. Plaintiff's first request is DENIED.

Plaintiff's second request is to bar reference to a dispute she may have had in the parking lot of the Playpen's Gentlemen's Club related to the possession of a truck that a friend had given and/or loaned to her for her use. Defendant objects, arguing that Plaintiff has cited no legal basis or

reasoning as to why the dispute is inadmissible.  Defendant claims the evidence will show that Plaintiff had possession of a patron's vehicle and refused to return it which resulted in the police being called.  Defendant claims he was the officer who responded to that call.  The court agrees that Plaintiff, at this time,  has provided no reason as to why evidence of this dispute should be kept from the jury.  Defendant has claimed it may be relevant to his case.  Plaintiff's second request is DENIED.

Plaintiff's third request is to bar any "hearsay" testimony concerning her dress while employed at the Playpen Gentlemen's Club.  Defendant objects, arguing Plaintiff has not provided any legal basis or reasoning for why evidence of her attire while performing at the club should be excluded from the jury.  The court will, in its gatekeeper function, keep out all inadmissible hearsay and irrelevant evidence.  However, it agrees with Defendant that Plaintiff has not, at this time, provided any legal reasoning or basis to grant her request.  Plaintiff's third request is DENIED.

Plaintiff's fourth request is  an order excluding any "[r]eference to the criminal trial of David Lewis and the results thereof."  Defendant has objected to this request, although he has inexplicably framed his objection as it relates to *Plaintiff's* criminal trial.  The court assumes Defendant meant to respond to Plaintiff's request to bar reference to Defendant's criminal trial and the results therefrom.  This court believes that Defendant's position is somewhat inconsistent with his request that any evidence or reference regarding his convictions, and the other charges against him, be barred.  This court has already granted Defendant's request to bar this evidence.  This court therefore concludes that Plaintiff's similar request should be GRANTED.  If Defendant wishes to impeach witnesses who testified at his criminal trial with prior inconsistent statements made at the trial, he may refer to a "prior court proceeding."

Plaintiff's fifth request is for an order barring Defendant's attorney from asking questions

of Plaintiff concerning the existence of prior incidents of any kind which have not been connected by competent expert testimony to the specific injuries of Plaintiff in this case.  Defendant has objected to this request, arguing that "it is unclear and nonsensical."  This court concludes that Plaintiff has not adequately specified the evidence she is seeking to exclude.  Defendant has stated that he has no objection to an order barring Defendant from presenting undisclosed expert evidence concerning the causation of Plaintiff's claimed damages.  However, because Plaintiff's request was not clear, this request is DENIED.

For her sixth request, Plaintiff sought an order barring any mention regarding the circumstances under which the attorney for Plaintiff was employed or retained or the fees or contingent contract under which the attorney has been retained.  Defendant stated that he has no objection to this request and it is GRANTED.

Plaintiff's seventh request is for an order barring any mention that Plaintiff's recovery in this case is not subject to federal income taxes.  Defendant has stated that he has no objection to this request and it is GRANTED.

For her eighth request, Plaintiff sought an order barring Defendant from arguing or suggesting that Plaintiff is asking for a greater sum of money that she actually expects to be awarded.  Defendant stated that he has no objection to this request and it is GRANTED.

Plaintiff's ninth request is for an order prohibiting Defendant from referring to any prior litigation or claims made by Plaintiff.  Defendant has objected to this request arguing that Plaintiff "makes no effort to identify what prior litigation or claims should be subject to an order *in limine*."  This court agrees with Defendant that Plaintiff has not adequately specified the evidence she is seeing to exclude.  Accordingly, Plaintiff's ninth request is DENIED.

For her tenth and last request, Plaintiff has asked for an order barring any opinion from any witness not timely disclosed to Plaintiff by Defendant.  Defendant stated that he has no objection

but stated "the court should identify in its order what witnesses are barred." This court has no idea how Defendant expects this court to identify undisclosed witnesses. In any case, Defendant previously stated that he had no objection to an order barring him from presenting undisclosed expert evidence. Accordingly, Plaintiff's tenth request is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine (#52) is GRANTED in part and DENIED in part. Defendant's first and second requests are GRANTED and his third and fourth requests are DENIED.

(2) Plaintiff's Motion in Limine (#54) is GRANTED in part and DENIED in part. Plaintiff's Plaintiff's fourth, sixth, seventh, eighth, and tenth requests are GRANTED. Plaintiff's first, second, third, fifth, and ninth requests are DENIED.

(3) Because this court has a criminal trial scheduled for the week of August 23, 2010, the jury trial scheduled in this case has been vacated. This case remains set for a telephone status conference on August 19, 2010, at 4:15 p.m. At that time, the Court will advise the parties if the telephone status conference previously set for August 27, 2010, is necessary.

ENTERED this _____ day of August, 2010, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE